IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISCOVERY PATENT HOLDINGS, LLC, | ) |
| Plaintiff, | ) C.A. No. 10-600-ER |
| v. | ) |
| AMAZON.COM, INC., | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |
| AND RELATED COUNTERCLAIMS. | ) |

**DISCOVERY PATENT HOLDINGS, LLC'S REPLY TO DEFENDANT AMAZON.COM, INC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO THE COMPLAINT**

Plaintiff Discovery Patent Holdings, LLC ("Discovery") hereby replies to the counterclaims of Defendant Amazon.com, Inc.'s ("Amazon's") Answer, Defenses, and Counterclaims to the Complaint (D.I. 10) ("Answer") as follows:

95. Paragraph 95 of the Answer does not contain any allegations and therefore does not require an answer.

96. Discovery lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 96 of the Answer, and therefore denies the allegations contained therein.

97. Discovery admits that it is a limited liability company organized under the laws of Delaware and having its principal place of business at Silver Spring, Maryland and denies the remaining allegations of paragraph 97 of the Answer.

98. Discovery admits the Counterclaims arise under federal law. Discovery admits that this Court has jurisdiction.

99. Discovery admits the allegations of paragraph 99 of the Answer.

sf-2743201

100. Discovery admits that venue is proper in this district for Amazon's counterclaims.

**First Counterclaim**
**(Declaratory Relief Regarding U.S. Patent No. 5,986,690)**

101. Discovery realleges and reincorporates by reference all responses in paragraphs 95-100 of this Reply as though fully set forth herein.

102. Discovery admits that Discovery Communications sent Amazon a letter on October 2, 2008 stating that Amazon was "making, using, selling, offering for sale, and/or importing products that require a license under one or more of the patents in our E-book Patent Portfolio, such as Amazon Kindle, associated software and services, and content of e-books", and that this letter identified Discovery Communications' ownership of U.S. Patents Nos. 5,986,690, 6,557,173, 7,298,851, 7,336,788, and 7,401,286. Discovery admits the allegation of paragraph 102 that what appears to be an accurate copy of the October 2, 2008 letter was attached as Exhibit A to the Answer. Except as expressly admitted, Discovery denies the allegations of paragraph 102 of the Answer.

103. Discovery admits that the ownership of U.S. Patents Nos. 5,986,690 and 7,298,851 has been transferred from Discovery Communications, Inc. to Discovery. Discovery further admits that Discovery alleges that Amazon has infringed U.S. Patents Nos. 5,986,690 and 7,298,851. Except as expressly admitted, Discovery denies the allegations of paragraph 103 of the Answer.

104. Discovery admits the allegation of paragraph 104 of the Answer only to the extent that subsequent communications took place wherein Discovery stated the relevance of the E-Book Patent Portfolio (identified in its October 2, 2008 letter) to Amazon's products and services and Discovery's willingness to license the Portfolio to Amazon. Except as expressly admitted, Discovery denies the allegations of paragraph 104 of the Answer.

105. Discovery admits the allegations of paragraph 105 of the Answer.

106. Discovery denies the allegations of paragraph 106 of the Answer.

107. Discovery admits the allegations of paragraph 107 of the Answer.

sf-2743201

108. Discovery denies the allegations of paragraph 108 of the Answer.

109. Discovery denies the allegations of paragraph 109 of the Answer.

110. Discovery denies the allegations of paragraph 110 of the Answer.

111. In response to paragraph 111 of the Answer, Discovery admits that an actual and justiciable controversy has arisen and exists between Amazon and Discovery concerning the '690 Patent. Except as expressly admitted, Discovery denies the allegations of paragraph 111 of the Answer.

## Second Counterclaim
### (Declaratory Relief Regarding U.S. Patent No. 7,298,851)

112. Discovery realleges and reincorporates by reference all responses in paragraphs 95-111 of this Reply as though fully set forth herein.

113. Discovery admits the allegations of paragraph 113 of the Answer.

114. Discovery admits that the ownership of U.S. Patents Nos. 5,986,690 and 7,298,851 has been transferred from Discovery Communications, Inc. to Discovery. Discovery further admits that Discovery alleges that Amazon has infringed U.S. Patents Nos. 5,986,690 and 7,298,851. Except as expressly admitted, Discovery denies the allegations of paragraph 114 of the Answer.

115. Discovery admits the allegation of paragraph 115 of the Answer only to the extent that subsequent communications took place wherein Discovery stated the relevance of the E-Book Patent Portfolio (identified in its October 2, 2008 letter) to Amazon's products and services and Discovery's willingness to license the Portfolio to Amazon. Except as expressly admitted, Discovery denies the allegations of paragraph 115 of the Answer.

116. Discovery admits the allegations of paragraph 116 of the Answer.

117. Discovery denies the allegations of paragraph 117 of the Answer.

118. Discovery admits the allegations of paragraph 118 of the Answer.

119. Discovery denies the allegations of paragraph 119 of the Answer.

120. Discovery denies the allegations of paragraph 120 of the Answer.

121. Discovery denies the allegations of paragraph 121 of the Answer.

sf-2743201

122. In response to paragraph 122 of the Answer, Discovery admits that an actual and justiciable controversy has arisen and exists between Amazon and Discovery concerning the '851 Patent. Except as expressly admitted, Discovery denies the allegations of paragraph 122 of the Answer.

## PRAYER FOR RELIEF

123. Discovery denies that Amazon is entitled to any relief pursuant to its affirmative defenses or counterclaims.

WHEREFORE, Discovery respectfully prays for judgment and relief as follows:

1. That Amazon take nothing by way of its Counterclaims;

2. That the Court enter judgment in favor of Discovery and against Amazon, dismissing Amazon's Counterclaims in their entirety with prejudice;

3. That the Court grant the relief requested by Discovery in the Complaint (D.I. 1); and

4. That the Court award Discovery any other relief to which this Court deems Discovery is entitled in law or in equity.

## DEMAND FOR A JURY TRIAL

Discovery demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all Counterclaims and as to all issues that may be tried by a jury.

Dated: September 10, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ _____
Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com

OF COUNSEL:
Michael A. Jacobs
Richard S.J. Hung
Deok Keun Matthew Ahn
Patrick J. Zhang
MORRISON & FOERSTER LLP
525 Market Street
San Francisco, California 94105
(415) 268-7000

*Attorneys for Plaintiff Discovery Patent Holdings, LLC*

**CERTIFICATE OF SERVICE**

I, Jeffrey T. Castellano, hereby certify that on September 10, 2010, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz [rhorwitz@potteranderson.com]
> David E. Moore [dmoore@potteranderson.com]
> POTTER, ANDERSON & CORROON
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
>
> Josh A. Krevitt [jkrevitt@gibsondunn.com]
> Y. Ernest Hsin [ehsin@gibsondunn.com]
> Sarah E. Piepmeier [spiepmeier@gibsondunn.com]
> GIBSON, DUNN & CRUTCHER LLP
> 200 Park Avenue
> New York, NY 10166

I further certify that I caused a copy of the foregoing document to be served by e-mail on the above listed counsel.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Jeffrey T. Castellano*_____
> Elena C. Norman (No. 4780)
> Jeffrey T. Castellano (No. 4837)
> The Brandywine Building
> 1000 West St., 17th Floor
> Wilmington, Delaware 19801
> (302)-571-6600
> jcastellano@ycst.com
>
> *Attorneys for Discovery Patent Holdings, LLC.*