IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISCOVERY PATENT HOLDINGS, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 10-600-ER |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| AMAZON.COM, INC., | ) ) | |
| Defendant. | ) ) | |
| AMAZON.COM, INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| DISCOVERY PATENT HOLDINGS, LLC, DISCOVERY COMMUNICATIONS, INC., DISCOVERY COMMUNICATIONS, LLC, and THE DISCOVERY CHANNEL STORE, INC., | ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Counterclaim Defendants. | ) ) | |

**DISCOVERY'S ANSWER TO
AMAZON.COM, INC.'S AMENDED COUNTERCLAIMS**

Counterdefendants Discovery Communications, Inc., Discovery Communications, LLC, and The Discovery Channel Store, Inc. (collectively, "Discovery") hereby answer defendant Amazon.com, Inc.'s Amended Counterclaims (D.I. 12) ("Amended Counterclaims") as follows:

1.  Paragraph 1 of the Amended Counterclaims does not contain any allegations and therefore does not require an answer. To the extent that paragraph 1 of the Amended

Counterclaims does contains allegations requiring an answer, Discovery lacks sufficient knowledge or information to form a belief as to the truth thereof, and therefore denies them.

2. Discovery lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the Amended Counterclaims, and therefore denies them.

3. Discovery admits the allegations of paragraph 3 of the Amended Counterclaims.

4. Discovery admits the allegations of paragraph 4 of the Amended Counterclaims.

5. Discovery admits that The Discovery Channel Store, Inc. has a principal place of business in Silver Spring, Maryland. Discovery denies the remaining allegations of paragraph 5 of the Amended Counterclaims.

6. Discovery denies the allegations of paragraph 6 of the Amended Counterclaims.

7. Discovery denies the allegations of paragraph 7 of the Amended Counterclaims.

8. Discovery admits the allegations of paragraph 8 of the Amended Counterclaims.

9. Discovery admits that this Court is authorized to exercise subject matter jurisdiction over the Amended Counterclaims by 28 U.S.C. §§ 1331 and 1338. Discovery denies the remaining allegations of paragraph 9 of the Amended Counterclaims.

10. Discovery admits that this Court may exercise personal jurisdiction over Discovery Communications, Inc. with respect to the Amended Counterclaims. Discovery denies the remaining allegations of paragraph 10 of the Amended Counterclaims.

11. Discovery admits that this Court may properly exercise personal jurisdiction with respect to the Amended Counterclaims, but denies that the exercise of such jurisdiction can properly be asserted for all of the reasons alleged in paragraph 11 of the Amended Counterclaims.

12.     Discovery admits that venue is proper, but denies that venue is proper for all of the reasons alleged in paragraph 12 of the Amended Counterclaims.

### First Counterclaim
### (Infringement of U.S. Patent No. 6,029,141)

13.     Discovery realleges and reincorporates by reference all responses in paragraphs 1-12 of this Reply as though fully set forth herein.

14.     Discovery admits that, on its face, U.S. patent No. 6,029,141 ("the '141 patent"), entitled "Internet-Based Customer Referral System," indicates that it was issued by the United States Patent and Trademark Office on February 2, 2000. Discovery admits that what appears to be an accurate copy of the '141 patent was attached to the Amended Counterclaims as Exhibit A. Except as expressly admitted, Discovery lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14 of the Amended Counterclaims, and therefore denies them.

15.     Discovery denies the allegations of paragraph 15 of the Amended Counterclaims.

16.     Discovery admits that The Discovery Channel Store, Inc. receives revenue from and has some affiliation with an online store that is accessible at http://store.discovery.com and that sells products related to the Discovery Channel, The Learning Channel, Animal Planet, the Military Channel, and the Science Channel. Discovery denies the remaining allegations of paragraph 16 of the Amended Counterclaims.

17.     Discovery denies the allegations of paragraph 17 of the Amended Counterclaims.

18.     Discovery denies the allegations of paragraph 18 of the Amended Counterclaims.

19.     Discovery denies the allegations of paragraph 19 of the Amended Counterclaims.

20.     Discovery denies the allegations of paragraph 20 of the Amended Counterclaims.

YCST01:10171768.1                                                                                                      068174.1001

## Second Counterclaim
### (Infringement of U.S. Patent No. 6,029,141)

21.  Discovery realleges and reincorporates by reference all responses in paragraphs 1-20 of this Reply as though fully set forth herein.

22.  Discovery admits that, on its face, U.S. Patent No. 7,337,133 ("the '133 patent"), entitled "Internet-Based Customer Referral System," indicates that it was issued by the United States Patent and Trademark Office. Discovery admits that what appears to be an accurate copy of the '133 patent was attached to the Amended Counterclaims as Exhibit B. Discovery denies the remaining allegations of paragraph 22 of the Amended Counterclaims.

23.  Discovery denies the allegations of paragraph 23 of the Amended Counterclaims.

24.  Discovery admits that The Discovery Channel Store, Inc. receives revenue from and has some affiliation with an online store that is accessible at http://store.discovery.com and that sells products related to the Discovery Channel, The Learning Channel, Animal Planet, the Military Channel, and the Science Channel. Discovery denies the remaining allegations of paragraph 24 of the Amended Counterclaims.

25.  Discovery denies the allegations of paragraph 25 of the Amended Counterclaims.

26.  Discovery denies the allegations of paragraph 26 of the Amended Counterclaims.

27.  Discovery denies the allegations of paragraph 27 of the Amended Counterclaims.

28.  Discovery denies the allegations of paragraph 28 of the Amended Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES

30.  Without admitting or acknowledging that it bears the burden of proof as to any of them, Discovery asserts the following affirmative and other defenses and reserves the right to amend its Reply as additional information becomes available.

### First Affirmative Defense
### (License and/or Patent Exhaustion)

31.     To the extent functionality accused of infringing the claims of the '141 or '133 patents is provided by third-parties who have a license from Amazon to provide such functionality, on information and belief Discovery is authorized to practice the patents-in-suit by license and/or under the doctrine of patent exhaustion.

32.     For example, in Case Nos. 06-242 and 06-452 (E.D. Tex.), Amazon alleged that IBM infringed certain Amazon patents. The dockets for those cases indicate that they ended in a voluntary dismissal. On information and belief, that dismissal included a license to IBM from Amazon to practice Amazon patents. To the extent functionality accused of infringing the '141 or '133 patents is provided by licensed IBM software, on information and belief Discovery is authorized to practice the patents-in-suit by license and/or under the doctrine of patent exhaustion.

### Second Affirmative Defense
### (Noninfringement)

33.     Discovery has not directly, indirectly, literally, or under the doctrine of equivalents, infringed any valid and enforceable claim of the '141 and '133 patents.

### Third Affirmative Defense
### (Invalidity)

34.     Each claim of the '141 and '133 patents is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and 112 of Title 35, and/or under the doctrine of obviousness-type double patenting. Examples of such grounds include:

YCST01:10171768.1                                                                                                                   068174.1001

35. Each of the patents in suit fails to claim "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" under 35 U.S.C. § 101 because, inter alia, no claim of any of the patents in suit is tied to a particular machine or apparatus and does not claim a transformation of a particular article into a different state or thing, and therefore fails to claim subject matter patentable.

36. Each of the patents in suit fails to fulfill the conditions for patentability specified in 35 U.S.C. §§ 102 and 103. One or more of the claims of the '141 and '133 patents are invalid as anticipated by or obvious in view of patents filed in the United States by another before the date of the invention, including U.S. Patent No. 6,016,504, entitled "Method and System for Tracking the Purchase of a Product and Services Over the Internet." One or more of the claims of the '141 patent is invalid as anticipated by or obvious in view of patents filed in the United States by another before the date of the invention, including U.S. Patent No. 6,141,666, entitled "Method and System for Customizing Marketing Services on Networks Communicating with Hypertext Tagging Conventions." One or more of the claims of the '141 patent is invalid as anticipated by or obvious in view of patents filed in the United States by another before the date of the invention, including U.S. Patent No. 6,460,072 (the "'072 patent"), entitled "Method and System for Tracking the Purchase of a Product and Services over the Internet."

37. One or more claims of the '141 and '133 patents are invalid under § 102(b) because, in light of Amazon's own disclosures and activities with respect to its affiliates program prior to the critical date of June 27, 1996, the claimed invention was in public use or on sale in the United States prior to the critical date. One or more claims of the '141 and '133 patents are invalid under § 102(a) because the claimed invention was known or used by others in the United States before the invention was allegedly made by the inventors of the '141 and '133 patents (the

"Amazon inventors"). On information and belief, the inventors and/or persons associated with the '072 patent, persons associated with InfoSpace, Inc. of Bellevue, Washington, and persons associated with the web sites http://www.cdnow.com, http://pcflowers&gifts.com, http://www.autoweb.com, http://www.kbkids.com, and http://www.brainplay.com, knew or used the claimed invention before it was allegedly made by the Amazon inventors.

38. Each of the patents in suit fails to fulfill the conditions for patentability specified in 35 U.S.C. § 112. One or more claims of the patents-in-suit is invalid for failure to meet the requirements of 35 U.S.C. § 112, first paragraph, at least because the specification does not contain an adequate written description of the invention claimed therein. Moreover, one or more claims of the patents-in-suit is invalid for failure to meet the requirements of 35 U.S.C. § 112, second paragraph, at least because those claims fail to particularly point out and distinctly claim the subject matter the applicant regards as his invention.

## Fourth Affirmative Defense
### (Prosecution History Estoppel/Prosecution Disclaimer)

39. Discovery reserves the right to assert that Amazon is barred under the doctrine of prosecution history estoppel from asserting a claim for infringement by equivalents, and is barred under the doctrine of prosecution disclaimer from asserting claim constructions that would be required to find infringement.

## Fifth Affirmative Defense
### (Laches)

40. Amazon's First Counterclaim is barred by laches. Amazon filed its claim for infringement of the '141 patent over nine years after the '141 patent issued.

### Sixth Affirmative Defense
### (Adequate Remedy at Law)

41. No basis exists for the grant of equitable relief on Amazon's First and Second Counterclaims because Amazon would have an adequate remedy at law if there were infringement of the '141 and '133 patents, which there is not.

### Seventh Affirmative Defense
### (Failure to Mark)

42. To the extent Amazon or its licensees have failed to mark any system to which the '141 or '133 patent is claimed to apply, 35 U.S.C. § 287 limits recovery to any damages Amazon alleged incurred subsequent to Discovery's notice of the '141 or '133 patent.

### Additional Defenses
### (Reserved)

44. Discovery specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial, or otherwise, including the defense of unenforceability due to inequitable conduct.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Discovery hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Discovery respectfully prays for judgment and relief as follows:

1. That Amazon take nothing by way of its Amended Counterclaims;

2. That the Court enter judgment in favor of Discovery and against Amazon, dismissing Amazon's Amended Counterclaims in their entirety with prejudice;

3. That the Court grant the relief requested in the Complaint (D.I. 1); and

4. That the Court award Discovery any other relief to which this Court deems Discovery is entitled in law or in equity.

                      YOUNG CONAWAY STARGATT
                      & TAYLOR, LLP

                      */s/ signature*

| *Of Counsel* | Elena C. Norman (No. 4780) |
|---|---|
| Michael A. Jacobs | Jeffrey T. Castellano (No. 4837) |
| Richard S.J. Hung | 1000 West Street, 17th Floor |
| Deok Keun Matthew Ahn | Wilmington, Delaware 19801 |
| Patrick Zhang | (302) 571-6600 |
| MORRISON & FOERSTER, LLP | jcastellano@ycst.com |
| 425 Market Street | |
| San Francisco, California 94105-2482 | *Attorneys for Plaintiff Adrea, LLC (formerly* |
| (415) 268-7000 | *Discovery Patent Holdings, LLC), Discovery* |
| | *Communications, Inc., Discovery* |
| Brent P. Lorimer | *Communications, LLC, and The Discovery* |
| Sterling A. Brennan | *Channel Store, Inc.* |
| L. Rex Sears | |
| WORKMAN NYDEGGER, LLP | |
| 1000 Eagle Gate Tower | |
| 60 East South Temple | |
| Salt Lake City, UT 84111 | |
| (801) 533-9800 | |

Dated: September 20, 2010

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on September 20, 2010, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz [rhorwitz@potteranderson.com]
>David E. Moore [dmoore@potteranderson.com]
>POTTER, ANDERSON & CORROON
>6th Floor, Hercules Plaza
>1313 N. Market Street
>Wilmington, DE 19801
>
>Josh A. Krevitt [jkrevitt@gibsondunn.com]
>Y. Ernest Hsin [ehsin@gibsondunn.com]
>Sarah E. Piepmeier [spiepmeier@gibsondunn.com]
>GIBSON, DUNN & CRUTCHER LLP
>200 Park Avenue
>New York, NY 10166

I further certify that I caused a copy of the foregoing document to be served by e-mail on the above listed counsel.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Jeffrey T. Castellano
>Elena C. Norman (No. 4780)
>Jeffrey T. Castellano (No. 4837)
>The Brandywine Building
>1000 West St., 17th Floor
>Wilmington, Delaware 19801
>(302)-571-6600
>jcastellano@ycst.com
>
>*Attorneys for Plaintiff Adrea, LLC (formerly Discovery Patent Holdings, LLC), Discovery Communications, Inc., Discovery Communications, LLC, and The Discovery Channel Store, Inc.*