IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADREA, LLC, | ) | |
| | ) | C.A. No. 10-600-ER |
| Plaintiff, | ) | |
| | ) | (Consolidated) |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| AMAZON.COM, INC., | ) | |
| | ) | **ORAL ARGUMENT** |
| Defendant. | ) | **REQUESTED** |
| | ) | |
| | ) | **REDACTED –** |
| AND RELATED COUNTERCLAIMS | ) | **PUBLIC VERSION** |
| | ) | |

**PLAINTIFF ADREA, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY OF FUTURE MODELS OF ACCUSED PRODUCTS**

Amazon's opposition concedes the key facts underlying Adrea's motion to compel.

█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████ Amazon's

conduct runs counter to its discovery obligations.

█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████████████████████████████ This is nothing more than a

distraction.  The real question before the Court is simply whether Adrea is entitled to the
requested discovery — ██████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████

        With respect to Adrea's request for further discovery on Amazon's document collection
and review procedures, Amazon's opposition also does little to address the key issue:  that
Amazon has never provided clarity on which keywords it used to search which documents, and
when.  For that reason, Adrea requests that the Court compel Amazon to provide testimony fully
clarifying this issue.  ██████████████████████████████████

## ARGUMENT

## I.     Adrea Is Entitled to the Requested Document Discovery

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

sf-3025277





[redacted]

[redacted]

**II. The Burden on Amazon to Produce Additional Documents Would Be Minimal**

Amazon's contention that the additional document discovery would be burdensome (Opp'n at 11-12) is contradicted by Amazon's own statements of fact. In reality, the burden resulting from a supplemental production would be minimal.

First, with respect to the redacted documents, all Amazon needs to do is remove the redactions and produce the documents. This could be accomplished with, essentially, the push of

a button.  To the extent any further review is necessary, Amazon has repeatedly insisted that the

number of documents at issue is minimal. ██████████████████████████████████████

████████████████████████████████████████████████████████████

    Second, with respect to the additional keyword searches, Adrea is not asking for Amazon

to gather more documents.  It is simply asking Amazon to run the keywords against the

documents it already has. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ Again, Amazon could run the keyword searches and produce these documents

with little more than the push of a button.  In any event, Amazon's complaints about burden ring

hollow because Amazon brought any burden upon itself.  Had Amazon complied with Adrea's

document requests from the start, Amazon could have produced the materials at issue in the

normal course of discovery.

### III.    Amazon's Redactions Were Improper Regardless of Adrea's Entitlement to Information About Future Products

████████████████████████████████████████████████████████████████

██████████████ Amazon should be compelled to remove the redactions.  Moreover, Amazon must remove

the redactions because they are also improper regardless of the relevance of the redacted

material.  Courts of this District have held that unilateral redaction of purportedly "irrelevant" or

secret information from otherwise responsive documents is improper — particularly where, as

here, a protective order is in place.  *See Medtronic AVE, Inc. v. Advanced Cardiovascular Sys.,*

*Inc.*, 2004 U.S. Dist. LEXIS 670, at *4-10 (D. Del. Jan. 13, 2004) (denying motion for order

permitting redaction of purported trade secrets where movant failed to show "particularized

injury" would result from disclosure); *Dow Chem. Can., Inc. v. HRD Corp.*, 2009 U.S. Dist.

LEXIS 108794, at *2-4 (D. Del. Aug. 27, 2009) (noting that under *Medtronic*, party would not

be permitted to redact material it deemed "irrelevant").

    Amazon argues that Adrea "cannot establish its entitlement" to remove the redactions.

This reverses the burden:  it is Amazon that should have moved for a protective order *permitting* the redactions in the first place.  *Medtronic*, 2004 U.S. Dist. LEXIS 670 at *5-6 (citing Fed. R. Civ. P. 26(c)).  Then, Amazon could have been required to submit the material *in camera* to confirm that it was protectable.  *Id.* at *5.  Amazon did not do this, nor did it even provide a log of its redactions.  Instead, Amazon asks Adrea and the Court to accept on faith that the redactions were justified.  That is unacceptable.

IV.     **Amazon Has Never Clarified the Extent of Its Keyword Searches**

Amazon's lengthy background discussion (Opp'n at 6-10) is a distraction from the key issue with respect to Ms. Radliff's deposition.  The issue is that Adrea still does not have clarity on which search terms were run on which documents, and when.  Amazon's representations thus far give Adrea no confidence that it has received the complete picture.  For instance, on December 30, 2010, Amazon notified Adrea of its use of search terms on certain custodians for the first time.  (Ahn Decl. (D.I. 194) Ex. 13, at 1.)  A week later, Amazon *backtracked* by stating that keywords had *not* been used for at least *fourteen* of the custodians listed in that letter.  (Ahn Decl. Ex. 15, at 1.)  Amazon's reversal raises a number of questions, among them:  Why did Amazon initially state that keywords had been used on those custodians?  Why did Amazon supply a list of keywords that had not been run on those custodians?  ███████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████  Adrea needs testimony on these issues.  While it appears that, based on Amazon's representations, Ms. Radliff may not be the person to provide that testimony, Adrea requests that the Court compel Amazon to provide a declaration setting forth all of the keywords applied to each custodian's documents, which documents, and when.

## CONCLUSION

For the reasons set forth above, Amazon should not be permitted to continue to conceal its infringement.  Adrea accordingly requests that the Court enter an order granting its motion to compel.

Dated:  August 1, 2011

Redacted Version:  August 8, 2011

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


/s/  *Jeffrey T .Castellano*
Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jcastellano@ycst.com

OF COUNSEL:
Michael A. Jacobs
Richard S.J. Hung
Deok Keun Matthew Ahn
Patrick J. Zhang
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
(415) 268-7000

*Attorneys for Plaintiff Adrea, LLC*

- 6 -

## CERTIFICATE OF SERVICE

I,  Jeffrey T. Castellano, hereby certify that on August 8, 2011, I caused to be

electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Richard L. Horwitz
> David E. Moore
> Potter, Anderson & Corroon
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
> rhorwitz@potteranderson.com
> dmoore@potteranderson.com

I further certify that on August 8, 2011, I caused a copy of the foregoing document to be

served by e-mail on the above-listed counsel of record and on the following in the manner

indicated:

**BY E-MAIL:**

> Josh A. Krevitt
> Y. Ernest Hsin
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue
> New York, NY 10166
> jkrevitt@gibsondunn.com
> ehsin@gibsondunn.com

> Brian Ankenbrandt
> Gibson, Dunn & Crutcher LLP
> 1801 California Street
> Suite 4200
> Denver, CO 80202
> bankenbrandt@gibsondunn.com

Brooke L. Myers
Jacon C. Lo
Jennifer J. Rho
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
bmyers@gibsondunn.com
jlo@gibsondunn.com
jrho@gibsondunn.com

Stuart M. Rosenberg
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
srosenberg@gibsondunn.com

Mark Reiter
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
mreiter@gibsondunn.com

William F. Cronin
Corr Cronin Michelson Baumgardner & Preece LLP
1001 Fourth Avenue
Suite 3900
Seattle, WA 98154
wcronin@corrcronin.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jeffrey T. Castellano*

Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19801
(302)-571-6600
jcastellano@ycst.com

*Attorneys for Adrea, LLC, Discovery Communications, Inc., Discovery Communications, LLC, and The Discovery Channel Store, Inc.*

2