**WORKMAN | NYDEGGER**
INTELLECTUAL PROPERTY ATTORNEYS

1000 Eagle Gate Tower, 60 East South Temple  |  Salt Lake City, Utah 84111
Tel: (801) 533-9800  |  Fax: (801) 328-1707  |  www.wnlaw.com

BRENT P. LORIMER
Email:  blorimer@wnlaw.com

August 31, 2011

**VIA EMAIL**
**CONFIRMATION BY U.S. MAIL**

The Honorable Louis C. Bechtle
Conrad O'Brien, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA  19102-1921

      Re:    *Adrea, LLC v. Amazon.com, Inc.*, Case No. 10-600-ER (D. Del.)

Dear Judge Bechtle:

As you know, on Tuesday, August 30, 2011 the Court heard oral argument on Discovery's Motion for Leave to Re-Open Depositions of Thomas Schonhoff and Nicholas Lovejoy.  *See* D.I. 278-80.  During that hearing, Stuart Rosenberg, counsel for Amazon, argued that Amazon did not improperly withhold the Schonhoff *BTG* deposition transcript because that transcript was in the possession of Amazon's former outside counsel, not in Amazon's possession, when Discovery served its Request for Production No. 59.  *See* August 30, 2011 Hr'g Tr. at 55:23-57:15 (attached hereto as Exhibit B).  In support of this argument, Mr. Rosenberg stated that "Discovery has taken the position . . . that *clients should not be able to control documents held by their outside counsel*."  *Id.* at 57:5-10 (emphasis added).  Mr. Rosenberg argued that Discovery's position in yesterday's hearing was inconsistent, because Discovery's co-counsel, Morrison & Foerster, had previously taken the position that documents in the possession of outside counsel are not in the possession or control of the client.  *Id.* at 57:1-15.

In response, I suggested that Amazon is in no position to argue inconsistencies, because Amazon had taken the position that documents in the control of outside counsel ***are*** in the possession of the client.  *Id.* at 62:5-10.  In particular, I suggested that Amazon's lawyers took the position "that *documents in the possession of counsel are, in fact, in the possession of the client*."  *Id.* at 62:7-9 (emphasis added).  Because Amazon raised this issue for the first time at the hearing yesterday, I asked leave to supply the Court with correspondence in which Amazon's counsel had taken a position opposite the position they took at the hearing on August 30.  *Id.* at 63:2-6.  The Court granted that request.  *Id.* at 63:7-8.

Accordingly, attached hereto as Exhibit A, please find a copy of the January 3, 2011 letter from Jonathan Choa of Potter Anderson & Corroon, counsel for Amazon.  In relevant part, this letter states:

> Andrews Kurth LLP has recently confirmed that it is in possession of documents that are potentially responsive to Amazon's document requests directed to Adrea/Discovery Communications.  ***As you are no doubt aware, Rule 34(a)***

Hon. Louis C. Bechtle
August 31, 2011
Page 2

_____

> *requires a party to produce responsive documents that are within its "possession, custody or control." "Control is defined as the legal right to obtain the documents required on demand." Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc., 233 F.R.D. 143, 145 (D. Del. 2005). Under the D.C. Rules of Professional Conduct, client files are the property of the client and not the law firm. Adrea/Discovery Communications therefore has the legal right to obtain these documents on demand. See American Society For Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D. D.C. 2006) ("Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control."). Furthermore, by defining Adrea/Discovery Communications to include its present and former attorneys, Amazon's document requests clearly called for the production of documents in Andrew's Kurth's possession.*

(emphasis added).

As suggested in argument yesterday, Amazon and its counsel have taken the position in this litigation that documents in the possession of former outside counsel are in fact in the possession and control of the client. During the hearing, Amazon asserted that documents in the possession of outside counsel are not in the possession or control of the client, but in the attached letter they argue just the opposite. Discovery respectfully submits that Amazon's remonstrance over the position taken by Morrison & Foerster is not well taken. According to Amazon's own counsel, the Schonhoff *BTG* deposition transcript was in fact in the possession of Amazon and it should have been produced.

Thank you for your time and consideration.

                                          Respectfully,

                                          WORKMAN | NYDEGGER

                                          BRENT P. LORIMER

cc:      Counsel of record (by email)