## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADREA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 10-600-ER |
| v. | ) | (Consolidated) |
| | ) | |
| AMAZON.COM, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMAZON.COM, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADREA, LLC, DISCOVERY | ) | |
| COMMUNICATIONS, INC., DISCOVERY | ) | |
| COMMUNICATIONS, LLC, and THE | ) | |
| DISCOVERY CHANNEL STORE, INC., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE
## RELIANCE ON LATE-IDENTIFIED WITNESSES

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
OF COUNSEL:
Wilmington, DE 19801
Tel: (302) 984-6000
GIBSON, DUNN & CRUTCHER LLP
rhorwitz@potteranderson.com
Josh A. Krevitt
dmoore@potteranderson.com
Y. Ernest Hsin
200 Park Avenue
*Attorneys for Defendant Amazon.com, Inc.*
New York, NY 10166
Tel: (212) 351-4000

Dated: September 6, 2011
PUBLIC VERSION
Dated: September 13, 2011
1027249 / 34137

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY...........................................................................1

II.   ARGUMENT.............................................................................................................2

     A.    Because Discovery Failed to Identify its Intention to Rely on the Late-Identified Witnesses, Those Witnesses Should Be Precluded.................................2

     B.    Discovery's Failure is Neither Justified Nor Harmless, and Discovery Misapplies Third Circuit Law Which Weighs In Favor of Exclusion....................4

III.  CONCLUSION ........................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chalick v. Cooper Hosp./Univ. Med. Ctr.*,
192 F.R.D. 145 (D. N.J. 2000) ...................................................................................2

*Eli Lilly & Co. v. Actavis Elizabeth LLC*,
Civ. A. No. 07-3770, 2010 U.S. Dist. LEXIS 44913 (D. N.J. May 7, 2010)........................3, 4

*Ill. Comp. Research, LLC v. Harpo Prods., Inc.*,
Case No. 08-C-7322, 2010 U.S. Dist. LEXIS 51977 (N.D. Ill. May 26, 2010)........................3

*In re LG Front Load Washing Mach. Class Action Litig.*,
C.A. No. 08-51, 2011 U.S. Dist. LEXIS 492 (D. N.J. Jan. 4, 2011)..........................................2

*Konstantopoulos v. Westvaco Corp.*,
112 F.3d 710 (3d Cir. 1997) ......................................................................................4

**Rules**

Fed. R. Civ. P. 26(a) ....................................................................................................2

Fed. R. Civ. P. 37..........................................................................................................2

Fed. R. Civ. P. 37(c)(1) ................................................................................................2

## I.      INTRODUCTION AND SUMMARY

Discovery admits that it did not identify in its initial disclosures (or supplemental initial disclosures) the witnesses relevant to this motion prior to January 25, 2011 – *i.e.*, less than a week before the close of fact discovery.[1]  The crux of Discovery's argument is that because Amazon knew of the witnesses' existence and knowledge prior to Discovery's January 25 and 31, 2011 disclosures, Discovery's last-minute identification is justified.  But Discovery misses the point.  A party must disclose, during the discovery period, whom it intends to rely upon at trial (and regarding which topics), so that the opposing party can decide whether to depose the individuals – in order to ensure that there is no surprise at trial.  Here, by waiting until the close of discovery to reveal its list of witnesses upon whom it may rely at trial, Discovery deprived Amazon of the ability to do so.

Because Discovery cannot dispute that it failed to identify its intention to rely upon the witnesses at issue prior to January 25, 2011, it instead points to a hodgepodge of clues and hints that it claims should have tipped off Amazon regarding Discovery's intentions.  But it was not Amazon's job to navigate this maze of alleged disclosures; it was Discovery's obligation to identify explicitly its witnesses and their topics of testimony.  And although Discovery goes to pains to argue that Amazon is not prejudiced by Discovery's last minute supplementation, the prejudice to Amazon is plain.  Lacking prior notice of Discovery's intention to rely at trial on the late-identified witnesses, Amazon chose not to depose those individuals, and thus stands to be ambushed at trial by their testimony.  Because such an outcome is precisely what the Federal Rules and case law prohibit, Amazon's motion should be granted, and Discovery should be precluded from relying upon the late-identified witnesses at trial.

---

[1] As explained in Amazon's opening brief ("Amazon Br."), the only exception is Mark Hollinger.  Discovery identified him previously but failed to disclose the full scope of his knowledge.  Amazon's Br. at 9.

## II. ARGUMENT

### A. Because Discovery Failed to Identify its Intention to Rely on the Late-Identified Witnesses, Those Witnesses Should Be Precluded

As an initial matter, with respect to the ten witnesses regarding whom Discovery asserts that there is no dispute, if there truly is no dispute, then the witnesses should simply be precluded from testifying. As Amazon informed Discovery during the meet and confer process, Discovery's caveats and limitations on the scope of preclusion for these ten witnesses are not acceptable. Where a party has failed to disclose a witness in accordance with Rule 26(a), the party may not use the undisclosed witness "to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). The Federal Rules contain no exception that permits Discovery to use the undisclosed witnesses in its "rebuttal" case (other than for *impeachment*) or for the purpose of authenticating documents. *See, e.g., In re LG Front Load Washing Mach. Class Action Litig.*, C.A. No. 08-51, 2011 U.S. Dist. LEXIS 492, at *8 (D. N.J. Jan. 4, 2011) (finding that "[a] rebuttal witness is certainly different than an impeachment witness" and that "Plaintiffs cannot use the terms ... interchangeably" to avoid exclusion under Rule 37). Because Discovery offers no substantive opposition to Amazon's motion to preclude these ten witnesses, Amazon's motion with respect to the ten witnesses should be granted without qualification.

Turning to the remaining witnesses, regarding whom Discovery acknowledges the existence of a dispute, Discovery's brief offers no justification for their late disclosure. While Discovery argues repeatedly that Amazon knew of the witnesses' existence prior to Discovery's end-of-discovery disclosure, such argument is beside the point. Again, the purpose of the Federal Rules' disclosure requirement is to afford an opposing party notice of the principal party's intent to rely upon witnesses at trial so that the opposing party can make a determination regarding whether to depose the individuals and discover the substance of their testimony prior to trial. *See, e.g., Chalick v. Cooper Hosp./Univ. Med. Ctr.*, 192 F.R.D. 145, 150 (D. N.J. 2000). Because Discovery failed to provide such notice, Amazon had no reason to consider taking such

2

discovery. Discovery's brief fails even to address this critical point, much less rebut Amazon's cited cases on the issue.

As laid out in Amazon's opening brief, Amazon seeks to preclude those witnesses whom Discovery failed to identify as having relevant knowledge in prior initial disclosures or interrogatory answers, since such are the appropriate vehicles for identification of testifying witnesses. *See, e.g., Eli Lilly & Co. v. Actavis Elizabeth LLC*, Civ. A. No. 07-3770, 2010 U.S. Dist. LEXIS 44913, at *27-28 & n.5 (D. N.J. May 7, 2010). Discovery's brief does not dispute that Discovery failed to identify explicitly, in its prior initial disclosures or interrogatory answers: Christine Wacker, William Tobin, Kurt Dahl, Mark Hollinger, David Zazlav, and "authors of prior art references."[2] Instead, Discovery argues that Amazon should have divined Discovery's intent to rely upon these witnesses for various reasons. But Amazon was under no obligation to deduce Discovery's intentions, and Discovery's excuses in this regard range from far-fetched to flat-out preposterous.

First, Discovery argues that it should be excused for failing to identify certain witnesses (*e.g.*, Christine Wacker, Mark Hollinger, David Zaslav) because *Amazon* identified them in its disclosures and/or interrogatory responses. As Amazon already explained, however (and Discovery makes no attempt to dispute), courts have held that the disclosure of a witness by one party does not provide notice that *another* party intends to use that same witness to support its own claims or defenses. *See, e.g., Ill. Comp. Research, LLC v. Harpo Prods., Inc.*, Case No. 08-C-7322, 2010 U.S. Dist. LEXIS 51977, at *28 (N.D. Ill. May 26, 2010).

Second, Discovery argues that certain witnesses (Christine Wacker, Mark Hollinger) were adequately disclosed because they were mentioned in other witnesses' depositions. As Amazon again has already explained (and Discovery again has failed to address), scattered identifications in deposition testimony "are not a substitute for certified responses to discovery

---

[2] Amazon acknowledged in its opening motion that Larry Rosen was named by Discovery in a Supplemental Response to Amazon's Interrogatory No. 7. Amazon Br. at 11. Larry Rosen's inclusion in Amazon's chart and proposed order was inadvertent.

and do not satisfy [a party's] discovery obligations," particularly "in a complex patent case." *Eli Lilly & Co.*, 2010 U.S. Dist. LEXIS 44913, at *27-28 & n.5. And in any event, Discovery has made no attempt to explain how one fact witness's mentioning of another individual would have provided notice of Discovery's intention to call such individual as a trial witness.

Finally – and most implausibly – Discovery argues that because certain individuals (*e.g.*, William Tobin, Kurt Dahl) and other unidentified individuals[3] were "authors of prior art references" that were known to Amazon, Amazon should have guessed that Discovery would call them as trial witnesses. According to Discovery, all authors of all prior art references identified by Discovery (*see* Discovery's Brief In Opposition to Amazon's Motion to Preclude ("Discovery Opp.") at 10), or even asserted by other parties in other litigations (*see* Discovery Opp. at 8-11), should be deemed known by Amazon to be potential trial witnesses for Discovery, such that Discovery was excused from identifying them explicitly as such. Indeed, according to Discovery's argument, by disclosing over 100 alleged prior art references, Discovery had effectively put Amazon on notice that Discovery might call *any* of the corresponding authors or inventors of those over 100 references, and if Amazon chose not to depose any one of them, it did so at its own peril. This twisted logic perfectly illustrates the flaw in Discovery's arguments: it was *Discovery, not Amazon*, who was obligated to identify which witnesses it might rely upon at trial, and Discovery's failure to do so unfairly hid the ball from Amazon.

**B.     Discovery's Failure is Neither Justified Nor Harmless, and Discovery Misapplies Third Circuit Law Which Weighs In Favor of Exclusion**

Contrary to Discovery's arguments, consideration of the Third Circuit's factors for deciding whether to preclude withheld discovery does not support a finding that Discovery's failure to disclose the witnesses at issue was justified or harmless. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

---

[3] For the removal of doubt, Amazon does not seek to preclude reliance on Jason or Matt Olim.

First, with respect to the "prejudice" factor, the prejudice to Amazon is plain. Because Amazon was not alerted to Discovery's intention to call the disputed individuals as trial witnesses until the close of fact discovery, Amazon did not seek to depose them, and did not allot any of its 100 hours of deposition time to them. Amazon has suffered prejudice because it relied on Discovery's silence in choosing not to depose the witnesses at issue, and now faces the possibility that it will have to address the testimony at trial of witnesses it never had an opportunity to depose. In fact, Amazon even served interrogatories on some of the very topics for which Discovery has disclosed the witnesses, yet Discovery still failed to identify them prior to the close of fact discovery. *See, e.g.*, Amazon Br. at 11. This is not, as Discovery claims, a case of Amazon's simply choosing not to depose or investigate witnesses (Discovery Opp. at 15), but one of misleading silence on Discovery's part.

Second, Discovery's argument that many of the disputed witnesses are of "critical importance" to Discovery's invalidity defense merely supports the point that they should have been properly disclosed, as the more important the evidence, the more likely "a reasonable person" would have believed that, "under the circumstances, disclosure was required." Discovery Opp. at 14 (quoting Moore's Fed. Prac. § 26.27[2][c]).

The remaining Third Circuit factors likewise favor the limited relief sought by Amazon. Contrary to Discovery's conclusory statements, the prejudice to Amazon cannot be cured at this stage of the proceedings, at least not without disruption of the case schedule. The period for fact discovery in this case closed on January 31, 2011. *See* August 17, 2010 Order (docket text). The parties agreed to a 100-hour limit for depositions, and Amazon planned its depositions around both that limit and Discovery's (non-)disclosures. And in many cases, the late-identified witnesses are third parties, for whom Discovery has still not provided specific contact information, nor for whom depositions could be obtained on short notice.[4] Amazon Br. at 12.

---

[4] Discovery argues that any prejudice is curable because Amazon could obtain the information needed through further discovery, yet contradictorily argues that it "does not believe Amazon

Furthermore, the parties are in the midst of preparing expert reports and for trial, and requiring Amazon to "obtain further discovery" would severely hinder Amazon's ability to prepare its case. *Id.* None of these points is addressed by Discovery in its opposition. For all of these reasons, Discovery's failure was neither justified nor harmless, and Third Circuit law supports the limited preclusion sought by Amazon.

## III.    CONCLUSION

Discovery failed to meet its disclosure obligations under the Federal Rules and instead chose to mislead Amazon by remaining silent. It should not be permitted to reap the benefits of such misconduct. Amazon respectfully requests the Court grant the instant motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt
Y. Ernest Hsin
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Mark Reiter
2100 McKinney Avenue
Dallas, TX 75201-6912
Tel: (214) 698-3100

Jason Lo
Jennifer Rho
333 S. Grand Avenue – Ste. 4700
Los Angeles, CA 90071
Tel: (213) 229-7000

By:    /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

should be allowed to take the depositions of these witnesses at this late date." Discovery Opp. at 16 n.8.

Stuart M. Rosenberg
1881 Page Mill Road
Palo Alto, CA  94304-1211
Tel: (650) 849-5300

Dated:  September 6, 2011
PUBLIC VERSION
Dated:  September 13, 2011
1027249 / 34137

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 13, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 13, 2011, the attached document was Electronically Mailed to the following person(s):

Elena C. Norman
Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899-2207
enorman@ycst.com
jcastellano@ycst.com

Michael A. Jacobs
Deok Keun Matthew Ahn
Patrick J. Zhang
Richard S.J. Hung
Brooks M. Beard
Francis C. Ho
Theodore M. Hasse
Jason D. Hall
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
mjacobs@mofo.com
dahn@mofo.com
rhung@mofo.com
pzhang@mofo.com
bbeard@mofo.com
fho@mofo.com
thasse@mofo.com
jhall@mofo.com

Brent P. Lorimer
Sterling A. Brennan
L. Rex Sears
Seth W. Black
Workman Nydegger
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT  84111
blorimer@wnlaw.com
sbrennan@wnlaw.com
rsears@wnlaw.com
sblack@wnlaw.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

916443 / 34137