## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADREA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 10-600-ER |
| v. | ) | (Consolidated) |
| | ) | |
| AMAZON.COM, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMAZON.COM, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADREA, LLC, DISCOVERY | ) | |
| COMMUNICATIONS, INC., DISCOVERY | ) | |
| COMMUNICATIONS, LLC, and THE | ) | |
| DISCOVERY CHANNEL STORE, INC., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

### AMAZON.COM, INC.'S OPPOSITION TO ADREA, LLC'S MOTION TO STRIKE NON-INFRINGEMENT CONTENTIONS;

### AMAZON.COM INC.'S BRIEF IN SUPPORT OF ITS CONDITIONAL CROSS-MOTION TO LIMIT VALIDITY CONTENTIONS

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt
Y. Ernest Hsin
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

Dated: September 6, 2011
PUBLIC VERSION
Dated: September 13, 2011
1027273 / 34137

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 1

II.  STATEMENT OF FACTS ................................................................................... 3

III. ARGUMENT ....................................................................................................... 4

    A.   Amazon Properly Supplemented Its Non-Infringement Contentions To Add Additional Factual Details, In Light of Depositions, Adrea's Late Infringement Theories, And The Court's Claim Construction Order .................... 4

    B.   Amazon Has Consistently Met its Obligation to Set Forth its Rebuttal Contentions ................................................................................................... 7

        1.   The Cases Do Not Support Adrea's Arguments .......................................... 7

        2.   Adrea's Conduct Does Not Support Adrea's Arguments ............................ 8

    C.   Adrea is Not Prejudiced By Amazon's March, 2011 Supplementation ................. 9

    D.   If the Court Rules to Preclude Amazon's Non-Infringement Supplementation, By the Same Reasoning, Adrea Should Be Precluded From Asserting Any More Detailed Defenses Than Contained in Adrea's Existing Validity Contentions .......................................................................... 12

IV.  CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

CASES

*Accenture Global Services GMBH v. Guidewire Software Inc.,*
   691 F. Supp. 577 (D. Del. 2010) ..................................................................6

*Centillion Data Sys. v. Convergys Corp.,*
   Case No. 1:04-cv-73, 2007 U.S. Dist. LEXIS 74524 (S.D. Ind. Oct. 4, 2007) ..........................7

*Cummins-Allison Corp. v. SBM Co., Ltd.,*
   9:07-cv-196, 2009 WL 806753 (E.D. Tex. Mar. 19, 2009).....................................6, 7

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus.,*
   No. 95 C 0673 U.S. Dist. LEXIS 17362 (N.D. Ill. Nov. 21, 1996)..........................12

*Seal-Flex, Inc. v. Athletic Track and Court Constr.,*
   172 F.3d 836 (Fed. Cir. 1999) ..............................................................7

*Thermos Co. v. Starbucks Corp.,*
   No. 96 C 3833 U.S. Dist. LEXIS 5079 (N.D. Ill. April 6, 1999) ..............................12

*Verizon California, Inc. v. Ronald A. Katz Tech. Licensing, L.P.*
   No. 01-cv-09871, 2003 WL 25761597 (C.D. Cal. Dec. 2, 2003) ........................9, 12

*Warner-Lambert Co. v. Teva Pharm. USA, Inc.,*
   418 F.3d 1326 (Fed. Cir. 2005) ..............................................................7

RULES

Fed. R. Civ. P. 26(e)(1)(A)....................................................................6, 10

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Consistent with its obligations under the Federal Rules of Civil Procedure, Amazon.com, Inc. ("Amazon") supplemented its non-infringement contentions in March, 2011 to provide additional *factual details* – not "new theories," as Adrea, LLC ("Adrea") alleges – after (1) Adrea provided new infringement contentions on the eve of the January 31, 2011 close of fact discovery, (2) Adrea took numerous depositions of Amazon's technical witnesses, including up through the end of February, 2011 and (3) the Court issued an order on claim construction in February, 2011.  Thus, Amazon's March, 2011 supplementation, provided in light of the developments described above, was not only permissible, but required by the Federal Rules. Adrea's accusation that Amazon "deliberately" withheld its supplementation in an effort to "ambush" and "sandbag" Adrea is therefore baseless, and indeed Adrea cites no actual evidence in support thereof.

The allegedly "new" non-infringement theories regarding which Adrea now complains can be distilled into four categories:



As the record clearly demonstrates, none of these contentions are new to Adrea.  **First**, with respect to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Amazon's latest supplementation merely conforms this answer to facts developed by Adrea in the form of deposition testimony from Amazon's 30(b)(6) witness ▮▮▮▮▮▮▮. ▮▮.  Declaration of Elvin Lee ("Lee Decl."), Ex. 1 at 49:23-50:17.  **Second**, with respect to

█████████████████████████████████████████████████████,

Amazon's supplementation again merely conforms its answer to facts developed by Adrea

(including from depositions as recent as February, 2011) to support its prior denial ████

████████████████████████████████████████████████████

**Third**, with respect ████████████████████████████████████

████████████████ Amazon supplemented in light of the Court's claim construction order (issued

in February, 2011) addressing this point. *See* D.I. 206, Order on Claim Construction (Feb. 4,

2011) (attached as Exhibit 7 to Lee Decl.). **Fourth**, with respect to ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

        Furthermore, Adrea's motion entirely misapprehends the differing obligations between a

party who bears the burden of proof for a claim and a party who is rebutting the claim. A party

who bears the burden of proving an issue (e.g., *infringement* for Adrea, and *invalidity* for

Amazon) must provide explicit and specific allegations setting forth the bases for its claim.[1] The

party rebutting a claim, however, may satisfy its obligation by pointing out the insufficiency of

the allegations articulated by the party asserting the claim, since requiring more than that would,

in many instances, be tantamount to forcing the rebutting party to affirmatively prove a negative.

Adrea is fully aware of this difference in obligations, as its own "validity" contentions (rebutting

Amazon's invalidity contentions) do nothing more than provide conclusory statements that a

prior art reference fails to include a claim limitation. In contrast to Amazon, who supplemented

its contentions to connect the later-developed factual record to Amazon's earlier-disclosed non-

---

[1] Indeed, the Special Master recently excluded Adrea's identification of four new theories of
   infringement (an issue regarding which Adrea bears the burden of proof) at the close of fact
   discovery. Lee Decl. Ex. 8 at 75:13-18 (Transcript, 8/22/2011 Hearing Before the Special
   Master).

infringement theories, it is Adrea who has fallen short of its obligations by failing to supplement its validity contentions despite Amazon's requests that Adrea do so.

Because Amazon has complied with its ongoing discovery obligations and supplemented its interrogatory answer with facts already known to Adrea, there can be no prejudice to Adrea. As noted, the additional factual detail included in Amazon's supplementation consists of citations and references to testimony that Adrea itself obtained. Adrea's assertion, therefore, that it was somehow deprived of an opportunity to elicit testimony or explore these issues with Amazon witnesses makes no sense.

Finally, as noted above, Adrea's validity contentions rebutting Amazon's invalidity contentions fail to meet the standard of completeness Adrea seeks to apply to Amazon's non-infringement contentions. Indeed, in many instances Adrea's "validity" contentions contain quite a bit less detail and specificity than Amazon's earlier non-infringement contentions that Adrea now claims are insufficient. While Amazon's principal position is that Adrea's motion is meritless and should be denied outright, *if* the Court were inclined to grant Adrea's motion and preclude Amazon from relying on its additional explication of earlier non-infringement contentions, then by the same rationale, Adrea would need to be precluded from going beyond the literal words of its invalidity contentions in its expert reports or at trial. Amazon therefore conditionally cross-moves for such a ruling in the event that the Court grants Adrea's motion.

## II.    STATEMENT OF FACTS

Adrea served its initial set of infringement contentions on October 28, 2009, and first supplemented those contentions on April 20, 2010 and later on September 1, 2010. Lee Decl. Exs. 9-10; Zhang Decl. Ex. 1. Amazon served its first set of non-infringement contentions on January 28, 2010, identifying which claimed elements in the asserted patents are not satisfied by the Accused Products and Services. *See* Lee Decl. Ex. 11. Amazon noted, however, that Adrea's infringement contentions up to that point failed to provide specificity with respect to numerous claim elements. *Id.* Ex. 11 at 4. Accordingly, as Adrea provided further information regarding its infringement contentions, and as discovery revealed additional information,

Amazon periodically supplemented its non-infringement contentions, first on April 16, 2010, and then on November 12, 2010 – both of which supplementations occurred before any depositions of Amazon's technical witnesses (including corporate designees) had taken place. *See id.* Ex. 12; Zhang Decl. Ex. 2.

Adrea began deposing Amazon's technical witnesses on November 15, 2011, and over the following three months, Adrea deposed numerous engineers employed at Amazon. In total, Adrea deposed five of Amazon's engineers (in both their individual capacities and as Rule 30(b)(6) designees) from November, 2010 through the end of February, 2011: Jim Slezak (November 15, 2010), Anil Kalagatla (December 17, 2010), Eddie Gayles (February 1, 2011), Karan Khanna (February 18, 2011), and Matthew Goldberg (February 22, 2011). *See* Lee Decl. ¶ 1, Exs. 1-5. Additionally, Adrea noticed the depositions of an additional two Amazon engineers on January 7, 2011, although ultimately Adrea chose not take those witnesses' depositions. *See id.* ¶ 1.

Meanwhile, additional events relevant to Adrea's infringement allegations were unfolding. First, Adrea served another supplement to its infringement contentions on January 27, 2011, just prior to the close of fact discovery. *See* Lee Decl. Ex. 13. Second, the Court issued its claim construction order on February 4, 2011. *Id.* Ex. 7 (D.I. 206).

On March 28, 2011, Amazon served its latest supplementation to its non-infringement contentions to include citations and additional details pertaining to its previously-disclosed theories based on the infringement-related discovery that was taken through the end of February. Zhang Decl. Ex. 4.

### III.   ARGUMENT

#### A.   Amazon Properly Supplemented Its Non-Infringement Contentions To Add Additional Factual Details, In Light of Depositions, Adrea's Late Infringement Theories, And The Court's Claim Construction Order

Contrary to Adrea's accusations, Amazon's supplementation of its non-infringement contentions did not add new theories, but rather added factual support for Amazon's previously-identified contentions. As just one example, Adrea complains that Amazon added a "new non-

- 4 -

infringement theory" in its March, 2011 supplementation that 

. Motion at 2-3. Adrea is wrong. In its September, 2010 infringement contentions Adrea

alleged that

Amazon timely responded to this contention in its November, 2010 non-

infringement contentions,

Thus, by

November, 2010 Adrea knew that Amazon contended that the accused

do not infringe Adrea's patent claims.

Subsequently, on February 22, 2011, during Adrea's deposition of Amazon's engineer,

Matt Goldberg, Mr. Goldberg testified that

Mr. Goldberg's testimony (at a

deposition noticed and taken by Adrea) therefore constituted factual support relevant to

Amazon's previously-identified contention

Given that Adrea solicited this testimony, it plainly can claim no surprise to

its inclusion in Amazon's supplemental interrogatory answer.

Further, as a 30(b)(6) designee on this topic, Mr. Goldberg testified on behalf of Amazon,

which is analogous to Amazon's providing an interrogatory response on the issue. *Id.* Ex. 6.

The fact that Amazon would then conform its non-infringement contentions (which are also

interrogatory responses) to its designee's testimony should not be at all surprising. After

demanding and receiving testimony from multiple 30(b)(6) witnesses on the topic, Adrea cannot

now ask to strike the witnesses' testimony from Amazon's non-infringement contentions simply

because such testimony is unhelpful to Adrea's case.

Adrea's argument that it was Amazon's duty to interview Mr. Goldberg, obtain evidence regarding Mr. Goldberg's "opinions" ███████ ignores the undisputed legal tenet that Amazon does not bear the burden of proving non-infringement; rather, as discussed in detail below it is Adrea's burden to prove infringement. Amazon was and is under no obligation to do more than rebut Adrea's contentions and identify supporting evidence as it arises – which is exactly what Amazon has done. *See Cummins-Allison Corp. v. SBM Co., Ltd.*, 9:07-cv-196, 2009 WL 806753, at *2 (E.D. Tex. Mar. 19, 2009). Indeed, each of the additional details provided in Amazon's supplemental non-infringement contentions clarifies, supports, and/or falls under the umbrella of the theories identified by Amazon by at least its November, 2010 contentions. *See* Appendix A (detailing non-infringement contentions). Thus, not only does Amazon's supplementation fail to present "new theories," but rather it constitutes information that had "otherwise been made known … during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see Accenture Global Servs. GMBH v. Guidewire Software Inc.*, 691 F. Supp. 2d 577, 587-88 (D. Del. 2010) (declining motion to strike "new" invalidity theories because defendant's interrogatory response was not incomplete; defendant's theory and relevant facts "were identified during depositions of plaintiffs' witnesses" and based on the state of ongoing discovery, "plaintiffs had notice of the specific documents upon which defendant now relies.")

Furthermore, Amazon's March, 2011 supplementation was necessitated at least partly by Adrea's own belated supplementation of its infringement contentions just before the close of fact discovery, which contentions the Special Master ultimately precluded in granting Amazon's Motion to Preclude Adrea, LLC from Relying on Belated Asserted Infringement Theories. *See* D.I. 290; *see also* Lee Decl. Ex. 8.

Finally, at least a portion of Amazon's supplemental non-infringement contentions responded to the Court's February, 2011 claim construction order. For example, in light of the

---

[2] Adrea offers no authority for why Amazon should be obligated to investigate the *opinions* of its employees when preparing its *legal* and *factual* contentions.

Court's construing the phrase "encrypting the selected electronic book" to mean "encrypting data representing the text *and* graphics of an electronic book," Lee Decl. Ex. 7 (D.I. 206) (emphasis added), Amazon supplemented its non-infringement contentions to indicate ███████████

███████████████████████████████

## B.   Amazon Has Consistently Met its Obligation to Set Forth its *Rebuttal* Contentions

### 1.   The Cases Do Not Support Adrea's Arguments.

Fundamentally, Adrea's complaints about the sufficiency of Amazon's earlier non-infringement contentions are based on the false premise that a party rebutting a claim is under an obligation to provide the same level of disclosure in its contentions as a party who bears the burden to prove the claim. Here, Adrea, the plaintiff, must prove any alleged infringement by a preponderance of the evidence, and thus its infringement contentions must provide explicit and specific allegations setting forth the bases for its claim. In contrast, Amazon's non-infringement contentions need merely identify Amazon's rebuttals to Adrea's assertions, and identify relevant factual support. *See, e.g., Warner-Lambert Co. v. Teva Pharm. USA, Inc.,* 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *Seal-Flex, Inc. v. Athletic Track and Court Constr.,* 172 F.3d 836, 842 (Fed. Cir. 1999). Amazon's non-infringement contentions, therefore, by their very nature are necessarily responsive. *See Centillion Data Sys. v. Convergys Corp.,* Case No. 1:04-cv-73, 2007 U.S. Dist. LEXIS 74524, at *3-4 (S.D. Ind. Oct. 4, 2007) (determining that defendant "provided sufficient information to inform [plaintiff] what its position regarding non-infringement ... is" and acknowledging that "articulating non-infringement contentions often are akin to attempting to prove a negative."). Amazon's non-infringement contentions thus need only indicate that the arguments and evidence explicitly identified by Adrea do not establish infringement of each and every element of a claim. *See Cummins-Allison Corp.,* 2009 WL 806753, at *2 ("Plaintiffs bear the burden to prove infringement. The purpose of interrogatories is not to require Defendants to divulge their crystallized non-infringement arguments upon which they will rely at trial. The deadline for Defendants' rebuttal expert reports on non-infringement serves this purpose.

Defendants proceeded in a proper manner and supplemented their answers [the day after serving non-infringement expert reports] as required by the Federal Rules of Civil Procedure.").

### 2. Adrea's Conduct Does Not Support Adrea's Arguments.

Adrea's motion is surprising insofar as it entirely ignores the fact that Adrea itself has been operating under the framework described above with respect to aspects of the case for which it does not bear the burden of proof. Specifically, Adrea's validity contentions, which respond to Amazon's invalidity contentions, provide no more (and in fact, quite a bit less) detail than Amazon's prior non-infringement contentions that Adrea now asserts are insufficient.

Amazon's Interrogatory No. 19 asked Adrea to "describe[] in detail all factual and legal bases for [Adrea's] contention that the [asserted] prior art does not anticipate or render obvious each claim of the Asserted Discovery Patents." Lee Decl. Ex. 14 at 6. Adrea served initial and supplemental responses to this interrogatory on August 2, 2010 and January 31, 2011, respectively. *Id.* Ex. 15 at 5-24; Ex. 16 at Attachment B. Both sets of validity contentions do nothing more than deny that the asserted prior art discloses the elements of the asserted claims by quoting the claim language and repeating the same "[the prior art reference] . . . fails to disclose . . ." language with respect to those claim elements. *See id.* Ex. 15 at 6-24; Ex. 16, Attachment B at 1 ("Rubincam does not anticipate claims 39 and 40 of the '690 patent at least because Amazon's citations to the reference fail to disclose '[a] method for receiving selected text upon demand at a viewing location wherein text is associated with an available book title and a text source stores the text, comprising: creating a list of titles of available books wherein a book is available if the text associated with the book is available for transmission,' 'transmitting the list of titles of available books,' 'selecting a title from the transmitted list of titles,' 'communicating the selected title to the text source,' and 'transmitting the text associated with the selected title from the text source to the viewing location.'").

Despite the absence of detail in Adrea's validity contentions, however, Amazon did not complain about their quality because Adrea does not bear the burden of proof on issues relating

to the validity or invalidity of Adrea's asserted patents. Until Adrea indicated that it intended to file the present motion, Adrea's actions demonstrated that it shared Amazon's view.

In fact, it should be noted that even Adrea's predecessor in this lawsuit, Discovery Communications, Inc. ("Discovery"), has taken the exact same position in this case with respect to contentions for which it does not bear the burden of proof – namely its own non-infringement contentions. One business day before the January 31, 2011 close of fact discovery, Discovery – who is represented by the same counsel as Adrea – responded to a request by Amazon that Discovery provide more detailed non-infringement contentions, explaining as follows:

> Amazon asked which elements are absent, and Discovery identified the elements that are absent, based on its then current knowledge. Your assertions to the contrary reveal a misunderstanding of the differences between infringement and noninfringement contentions. ***Non-infringement contentions are negative in nature; infringement contentions are positive in nature***. As a result, infringement contentions require that the proponent identify where in the accused device each and every particular element appears. ***Noninfringement contentions, on the other hand, simply identify one or more elements that are missing***.

Lee Decl. Ex. 17 (emphases added).

In sum, all of the parties in this lawsuit, including Adrea by its own actions, have operated throughout the discovery period with the understanding that contentions submitted by a party that does not bear the burden of proof need only identify shortfalls of the contentions of the party that does bear the burden of proof. Adrea's attempt, *ex post facto*, to hold Amazon to a different standard should be rejected.

### C.   Adrea is Not Prejudiced By Amazon's March, 2011 Supplementation

Even assuming that Adrea is correct that Amazon's supplemental non-infringement contentions represent new theories – which they do not – Adrea will nevertheless suffer no prejudice. *See, e.g., Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.* No. 01-cv-09871, 2003 WL 25761597, at *3 (C.D. Cal. Dec. 2, 2003) (denying a motion to strike supplemental non-infringement contentions in part because the plaintiff failed to demonstrate prejudice where the plaintiff did not "complain that the declarants and expert witnesses upon whose testimony [the defendant] relies were unknown to [plaintiff]" and, among other factors, the plaintiff had a

- 9 -

"demonstrated ability to amply respond to [defendant's] new contentions"). As already
discussed, each of these allegedly "new" theories that Adrea complains of was explicitly
otherwise "made known" during discovery. Fed. R. Civ. P. 26(e)(1)(A). Furthermore, as the
table at Appendix A demonstrates, Adrea has had ample notice and opportunity to investigate the
facts related to each of these issues. In fact, it is Adrea's repeated and vigorous questioning of
Amazon's witnesses that elicited the very testimony that makes up the majority of the
supplemental citations.

For example, Adrea complains that had it known Amazon would argue ███████████
████████████████████████ Adrea could have questioned Amazon's engineers
on what exactly that means. But Adrea in fact *did* question Amazon's engineers on that very
topic, producing pages and pages of testimony regarding ███████████████████████
████████████████████████████████████████████
███████████████████ In fact, as just one specific example, Adrea specifically asked of Anil
Kalagatla, one of Amazon's 30(b)(6) designees, and he testified as follows:



That Adrea knew to ask these questions, moreover, demonstrates that Adrea was absolutely and unambiguously on notice of these potential non-infringement issues and Amazon's positions. As another example, the same is true regarding Amazon's contention that ███████████████████████████████████████████████████████████ ████████████████████████ Adrea thoroughly questioned Mr. Goldberg on this specific topic as well. Lee Decl. Ex. 1 at 65:22-66:12, 69:1-8, 70:23-71:18. As a specific example, Adrea specifically asked Mr. Goldberg and he testified as follows:



In fact, it was at Adrea's insistence that Amazon provide additional testimony regarding ████████████████████ that Amazon designated Mr. Goldberg as its 30(b)(6) representative on that topic. Lee Decl. Ex. 6. Therefore, it is unclear what exactly Adrea believes it would have done differently as far as investigating the facts surrounding, for example, ████████████████ █████████████████████████

The cases Adrea cites in its motion are inapposite, as they uniformly describe situations in which parties were prejudiced because new theories of non-infringement were withheld until expert reports were exchanged, thereby depriving the plaintiff's expert of an opportunity to address the theories in the infringement expert report. For example, in *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus.*, No. 95 C 0673, 1996 U.S. Dist. LEXIS 17362 (N.D. Ill. Nov. 21, 1996), the court found that defendants failed to disclose the contested non-infringement theory until it exchanged expert reports (*i.e.*, after the plaintiff had already submitted an infringement expert report). *Id.* at *21. Similarly, *Thermos Co. v. Starbucks Corp.*, No. 96 C 3833, 1999 U.S. Dist. LEXIS 5079 (N.D. Ill. April 6, 1999) is inapplicable because the court in that case found that the defendant not only failed to disclose the late non-infringement theory until its expert report, but also made a "clear and concise concession" that was directly contrary to its late non-infringement theory. *Id.* at *14-15. *See, in contrast, Verizon Cal, Inc. v. Ronald A. Katz Technology Licensing, L.P.*, 2003 WL 25761597, at *3 (declining to strike non-infringement contentions and finding no prejudice where the parties' infringement contentions changed late in the case and where the non-infringement contentions were made known to the plaintiff's expert).

**D.    If the Court Rules to Preclude Amazon's Non-Infringement Supplementation, By the Same Reasoning, Adrea Should Be Precluded From Asserting Any More Detailed Defenses Than Contained in Adrea's Existing Validity Contentions**

As noted above, Amazon's principal position is that Adrea's motion is meritless and should be denied outright. If the Court disagrees and finds that Amazon, as the party without the burden of proof on non-infringement, nevertheless failed to provide adequate non-infringement contentions, and as a result is precluded from relying on its additional explanation of its earlier non-infringement contentions, then the same should apply to Adrea's validity contentions.

As already mentioned, Adrea's validity contentions, including those served on January 31, 2011 (the last day of fact discovery) merely deny that Amazon's asserted prior art references disclose the claimed elements of the asserted patents by using boilerplate language and quoting the claims. *See* Lee Decl. Ex. 16. Adrea's validity contentions, do not, for example, provide any

- 12 -

affirmative explanation of how or why a prior art reference does not invalidate the asserted

patents, instead relying on the fact that Amazon bears the burden of proving invalidity, and

simply repeating the following language for each claim: "Amazon's citations to [a prior art

reference] . . . do not disclose [a claimed element of the asserted patents]." *Id.* The chart below

includes examples illustrating the nature of Adrea's validity contentions served on the last day of

fact discovery.

| Elements of '851 Patent, Claim 1 | 1/31/11 Adrea Supplemental Validity Contentions |
|---|---|
| "supplying the encrypted selected electronic book" | Rubincam Reference: "Rubincam does not anticipate claim 1 of the '851 patent for at least the additional reason that Amazon's citations to the reference fail to disclose . . . "supplying the encrypted selected electronic book." Lee Decl. Ex. 16, Attachment B at 2-3. |
|  | Fernandez Reference: "Amazon's citations to Fernandez '725 at Fig. 4, 7:2-8, 8:12-16, 4:16-23, cls. 11 and 11 [sic] don't disclose 'supplying the encrypted selected electronic book.'" Lee Decl. Ex. 16, Attachment B at 9-10. |
|  | Basch Reference: "Amazon's citations to Basch at pages 6 and 11 do not disclose 'supplying a selected electronic book corresponding to the selected title to be encrypted.'" Lee Decl. Ex. 16, Attachment B at 271. |
| "transmitting the list of titles of available electronic books" | Rubincam Reference: "Amazon's citations to Rubincam at 1:25-27 and 1:43-61 do not disclose 'transmitting the list of titles of available electronic books.'" Lee Decl. Ex. 16, Attachment B at 2-3. |
|  | Fernandez Reference: "Amazon's citations to Fernandez '725 at 6:44-46, Fig. 4, Step 54, 3:24-35, 2:28-3:35, 6:33-50, and cl. 1-15 do not disclose 'creating a list of available electronic books' and 'transmitting the list of titles of available electronic books.'" Lee Decl. Ex. 16, Attachment B at 9-10. |
|  | Basch Reference: "Amazon's citations to Basch at pages 3 and 10-11 do not disclose 'transmitting the list of titles of available electronic books.'" Lee Decl. Ex. 16, Attachment B at 271. |

Accordingly, in the event that the Court is inclined to grant Adrea's motion, Amazon

conditionally cross moves the Court to preclude Adrea from asserting – at trial or in its expert

reports – any more detail than that which is already described in Adrea's existing validity

contentions.

## IV.   CONCLUSION

For the reasons set forth above, Amazon requests that the Court deny Adrea's motion.  If

the Court grants Adrea's motion, Amazon conditionally cross moves to preclude Adrea from

asserting – at trial or in its expert reports – any more detail than that which is already described

in Adrea's validity contentions of August 2, 2010 and January 31, 2011.


Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP          By:   /s/ David E. Moore
Josh A. Krevitt                                   Richard L. Horwitz (#2246)
Y. Ernest Hsin                                    David E. Moore (#3983)
200 Park Avenue                                   Hercules Plaza, 6th Floor
New York, NY 10166                                1313 N. Market Street
Tel: (212) 351-4000                               Wilmington, DE 19801
                                                  Tel: (302) 984-6000
Mark Reiter                                       rhorwitz@potteranderson.com
2100 McKinney Avenue                              dmoore@potteranderson.com
Dallas, TX 75201-6912
Tel: (214) 698-3100                          Attorneys for Defendant Amazon.com, Inc.

Jason Lo
Jennifer Rho
333 S. Grand Avenue – Ste. 4700
Los Angeles, CA 90071
Tel: (213) 229-7000

Stuart M. Rosenberg
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5300

Dated:  September 6, 2011
PUBLIC VERSION
Dated:  September 13, 2011
1027273 / 34137

**Appendix A to Amazon.com, Inc.'s Opposition to Adrea, LLC's Motion to Strike**

| Amazon's Mar. 28, 2011 Non-Infringement Contention (Zhang Decl. Ex. 4) | Representative Prior Disclosures[3] |
|---|---|
| ███████████████ | ███████████████ |
| ███████████████ | ███████████████ |
| ███████████████ | ███████████████ |

---

[3] Throughout the table presented, text that is <u>underlined</u> is used to denote language that was left out in Adrea's summary.

[4] Adrea's infringement contentions specifically accused Amazon's content delivery engine and alleged use of a secure communications channel as satisfying this claim element. Thus Adrea cannot claim that it did not understand the "Accused Product and Service" in Amazon's corresponding non-infringement contention included the accused content delivery engine and secure communications channel.



| Amazon's Mar. 28, 2011 Non-Infringement Contention (Zhang Decl. Ex. 4) | Representative Prior Disclosures[3] |
|---|---|

---

5   As discussed in more detail above, this supplemental contention addresses allegations relating to a list from which Adrea contends *a user* selects and thus is also justified as a necessary response to Adrea's late joint infringement theory.  Confusingly, Adrea attempts to match Amazon's non-infringement contention here with Adrea's infringement contention relating to the Accused Product and Services rather than its contentions regarding users.

6   *See supra* n.4.

7   *See supra* n.4.



| Amazon's Mar. 28, 2011 Non-Infringement Contention (Zhang Decl. Ex. 4) | Representative Prior Disclosures[3] |
|---|---|

---

[8] *See supra* n.4.



| Amazon's Mar. 28, 2011 Non-Infringement Contention (Zhang Decl. Ex. 4) | Representative Prior Disclosures[3] |
|---|---|

---

9   *See supra* n.4.

| Amazon's Mar. 28, 2011 Non-Infringement Contention (Zhang Decl. Ex. 4) | Representative Prior Disclosures[3] |
|---|---|



---

10   *See supra* n.4.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 13, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 13, 2011, the attached document was Electronically Mailed to the following person(s):

Elena C. Norman
Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899-2207
enorman@ycst.com
jcastellano@ycst.com

Michael A. Jacobs
Deok Keun Matthew Ahn
Patrick J. Zhang
Richard S.J. Hung
Brooks M. Beard
Francis C. Ho
Theodore M. Hasse
Jason D. Hall
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
mjacobs@mofo.com
dahn@mofo.com
rhung@mofo.com
pzhang@mofo.com
bbeard@mofo.com
fho@mofo.com
thasse@mofo.com
jhall@mofo.com

Brent P. Lorimer
Sterling A. Brennan
L. Rex Sears
Seth W. Black
Workman Nydegger
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT  84111
blorimer@wnlaw.com
sbrennan@wnlaw.com
rsears@wnlaw.com
sblack@wnlaw.com

_/s/ David E. Moore_
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

916443 / 34137