IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADREA, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant.<br><br>AMAZON.COM, INC.,<br><br>        Counterclaim Plaintiff,<br><br>   v.<br><br>ADREA, LLC, DISCOVERY<br>COMMUNICATIONS, INC.,<br>DISCOVERY COMMUNICATIONS, LLC,<br>and THE DISCOVERY CHANNEL STORE,<br>INC.,<br><br>        Counterclaim Defendants. | C.A. No. 10-600-ER<br>(Consolidated)<br><br>Special Master<br>Hon. Louis C. Bechtle |

## SPECIAL MASTER ORDER NO. 8

**September 15, 2011**

The purpose of this Special Master Order is to note for the docket rulings made in regard to several motions by the parties at the court's hearing at the federal courthouse in Wilmington, Delaware on August

22, 2011. The court's rulings and references to the transcripts pertinent to those rulings were as follows:

1. Amazon's Motion to Strike Belatedly Produced Documents (D.I. 304). The counsel for the parties stated that that motion has been resolved and has been withdrawn. (Tr. 6:2-11).

2. Adrea's motion to compel production of documents pursuant to Request No. 87. (D.I.191). This motion was denied. (See Tr. 33:10-34:19; 74:14-74:23; 75:8-12).

3. Adrea's Motion to Compel Production of Documents Pursuant to Request No. 89. (D.I. 191). The Special Master denied plaintiff's motion that would require the defendant to produce all of its customer's agreements. The Special Master granted plaintiff's motion for Amazon to produce unredacted copies of agreements for the 6th of its largest customers. (Tr. 74:3-13; 103:15-106:12).

4. Defendant's Motion to Strike Plaintiff's Belated Theories. (D.I. 290). The Special Master granted defendant's motion with one exception. (Tr. 46:23-25; 71:10-75:18). The exception was if a belated theory of joint infringement against Amazon and certain of its customers

2

can be established on the basis of the contents of any of the 6 agreements that are required to be produced under plaintiff's document request No. 89 that was ruled upon as set forth in Paragraph 3 above, the request to make a claim of joint infringement will be considered.

5. Adrea's Motion to Amend The Protective Order to Allow The Additional Printing of Source Code. (D.I. 188). This motion was granted. (Tr. 89:4-103:15).

6. Adrea's Motion Seeking Discovery of Amazon's Future Products. (D.I. 193). The Special Master indicated at the hearing that it was inclined to deny this motion, but that it deferred to Adrea's request to withhold ruling until there was post trial briefing that would focus on the Big Band Networks, Inc. v. Imagine Communications, Inc.'s decision at Civil Action No. 07-351-JJF, decided July 10, 2010. The Special Master has read the Big Band Network Communications, Inc.'s decision and concludes that the ruling by Judge U.S. District Judge Joseph F. Farnan does not change the Special Master's tentative leaning at the hearing that the plaintiff's motion should be denied. The essence

3

of the holding is embodied at Page 6 of the Opinion, which reads as follows:

> "However the Court concludes that additional production regarding source code for the ICE Broadcast system is warranted. In his deposition, Mr. Pritesh specifically identified three different versions of the ICE Broadcast system that have apparently been released, Versions 2.2, 2.3, and 2.3.1 (a/k/a 3.0.1) but not disclosed to Big Band (D.I. 182 Graves Decl. Ex. 1 at 55). Imagine has not explained why these additional versions are not subject to discovery, and accordingly, the court will order Imagine to produce source code covering the ICE Broadcast System versions listed by Mr. Pritesh."

The Special Master believes the court's central ruling here is that there were products that have been released, which presumably means they are completed existing products that the defendant was required to explain why they were not subject to discovery. Here, in our case, Amazon's position is that Adrea has had access to all of its products that exist that are pertinent to plaintiff's claims.

Plaintiff's motions for discovery relative to future products on this record is denied.

SO ORDERED:

_____
Louis C. Bechtle, Special Master