IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADREA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-600-ER |
| | ) | |
| v. | ) | (Consolidated) |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS | ) | |

**ADREA AND DISCOVERY'S MOTION FOR LEAVE TO FILE SUR-REPLY TO
AMAZON'S MOTION TO EXCLUDE ADREA FROM RELYING ON
UNDISCLOSED VALUATIONS AND FOR OTHER REQUESTED RELIEF
DUE TO PLAINTIFFS' DISCOVERY MISCONDUCT**

Adrea, LLC ("Adrea") and Discovery Communications, Inc., Discovery

Communications, LLC, and The Discovery Channel Store, Inc. (collectively "Discovery")

request leave to file a short sur-reply to Amazon's Reply in Support of its Motion to Exclude.

(D.I. 398.)  A copy of the sur-reply is attached as Exhibit A.  For the following reasons, Adrea's

and Discovery's Motion for Leave to File Sur-Reply should be granted.

Amazon filed an overlength reply to Adrea's and Discovery's Opposition to Amazon's

Motion to Exclude ("Opposition") that supplemented its arguments with material it reserved for

its reply in violation of Local Rule 7.1.3(c)(2) ("[t]he party filing the opening brief shall not

reserve material for the reply brief"), at least two instances of which require a response to ensure

the Court is not misled as to the material facts in considering Amazon's motion.  Amazon also

submitted no fewer than eleven new exhibits with its reply that Adrea and Discovery have not

been given the opportunity to address.   In addition, Adrea and Discovery seek to cite a portion

of the August 22, 2011 hearing transcript.  Although Adrea and Discovery did not oppose

Amazon's requests to exceed the page limits for both their opening brief and reply brief—

resulting in almost 50 pages of briefing by Amazon—Amazon has unreasonably refused to

stipulate to Adrea and Discovery getting merely an additional 1.75 pages to respond to

Amazon's over-length reply brief.  Adrea and Discovery request that the Court grant this motion

so that both parties may have a fair opportunity to respond to the new material in Amazon's

motion.

It is within the "sound discretion of the court" to decide whether to grant leave to file a

sur-reply.  *Baloch v. Norton*, 517 F. Supp. 2d 345, 349 n.2 (D.D.C. 2007).  "[D]istrict court[s]

routinely grant[ ] such motions when a party is unable to contest matters presented to the court

for the first time in the last scheduled pleading."  *Ben-Kotel v. Howard Univ.*, 319 F. 3d 532, 536

(D.C. Cir. 2003).  Courts routinely grant motions to file a sur-reply particularly in cases where

the Court finds the proposed sur-reply "helpful" or find the sur-reply "assist[s] the court" in

resolving the motion at bar.  *See*, *e.g.*, *Auer v. Lanier Worldwide, Inc.*, 2009 U.S. Dist. LEXIS

62307 (D. Del. July 20, 2009) (refusing to strike a sur-reply despite the fact that it was filed

without court approval in violation of District of Delaware Local Rules, since "the Court [found]

the brief helpful to generally informing" an issue of law related to the motion); *see also Tobin v.

Gordon*, 614 F. Supp. 2d 514, 528 (D. Del. 2009) (noting grant of request file sur-reply where it

"contained additional details which assisted the court on [movant's] motion").

Adrea's and Discovery's clarification by way of sur-reply of misrepresentations by

Amazon in its reply brief—including the claim that discovery closed on January 31 (it did not)

and Amazon's misrepresentations about the relationship between Adrea and Discovery—will be

helpful and assist the Court in considering Amazon's motion.  Moreover, the Court would be

assisted by the opportunity to consider an admission by Amazon made at the August 22, 2011

hearing that undermines Amazon's claim of prejudice.  Additionally, District of Delaware Local

Rules anticipate the need for filing additional papers where there are developments of facts or

law that could not have been previously addressed.  L.R. 7.1.2(b) (contains exception to the rule

that filing of additional papers after a reply requires court approval when a party seeks to provide

"citation of subsequent authorities").  Adrea and Discovery could not have addressed statements

by Amazon at the August 22, 2011 hearing in their Opposition because of the amount of time it

took before a transcript was available, and allowing them the opportunity for citation of the

subsequent admission by Amazon is consistent with the principle underlying the Local Rule

7.1.2 exception for providing subsequent authorities.  For these reasons, Adrea and Discovery

respectfully request that the Court grant leave to file the attached sur-reply.

Adrea and Discovery hereby certify that its counsel conferred with counsel for Amazon

in an attempt to reach agreement with Amazon to allow for the filing of a sur-reply pursuant to

Local Rule 7.1.1.  Counsel for Amazon stated that they will not stipulate to Adrea and Discovery

filing a sur-reply.

Dated:  September 22, 2011

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP


OF COUNSEL:
Michael A. Jacobs
Richard S.J. Hung
Deok Keun Matthew Ahn
Patrick J. Zhang
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
(415) 268-7000

 /s/ Jeffrey T. Castellano
Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Adrea, LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on September 22, 2011, I caused to be

electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Richard L. Horwitz
> David E. Moore
> Potter, Anderson & Corroon
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
> rhorwitz@potteranderson.com
> dmoore@potteranderson.com

I further certify that on September 22, 2011, I caused a copy of the foregoing document

to be served by e-mail on the above-listed counsel of record and on the following in the manner

indicated:

### BY E-MAIL:

> Josh A. Krevitt
> Y. Ernest Hsin
> Sarah E. Piepmeier
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue
> New York, NY 10166
> jkrevitt@gibsondunn.com
> ehsin@gibsondunn.com
> spiepmeier@gibsondunn.com

> Brian Ankenbrandt
> Gibson, Dunn & Crutcher LLP
> 1801 California Street
> Suite 4200
> Denver, CO 80202
> bankenbrandt@gibsondunn.com

Brooke L. Myers
Jacon C. Lo
Jennifer J. Rho
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
bmyers@gibsondunn.com
jlo@gibsondunn.com
jrho@gibsondunn.com

Stuart M. Rosenberg
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
srosenberg@gibsondunn.com

Mark Reiter
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
mreiter@gibsondunn.com

William F. Cronin
Corr Cronin Michelson Baumgardner & Preece LLP
1001 Fourth Avenue
Suite 3900
Seattle, WA  98154
wcronin@corrcronin.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jeffrey T. Castellano*

Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19801
(302)-571-6600
jcastellano@ycst.com

*Attorneys for Adrea, LLC, Discovery Communications, Inc., Discovery Communications, LLC, and The Discovery Channel Store, Inc.*

2