IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADREA, LLC, | ) |
| | ) |
| Plaintiff, | )  C.A. No. 10-600-ER |
| | ) |
| v. | )  (Consolidated) |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| AND RELATED COUNTERCLAIMS | ) |

**ADREA AND DISCOVERY'S SUR-REPLY TO AMAZON'S MOTION TO EXCLUDE
ADREA FROM RELYING ON UNDISCLOSED VALUATIONS AND FOR OTHER
REQUESTED RELIEF DUE TO PLAINTIFFS' DISCOVERY MISCONDUCT**

*Of Counsel*
MORRISON & FOERSTER LLP
Michael A. Jacobs
Richard S.J. Hung
Deok Keun Matthew Ahn
Patrick J. Zhang
425 Market Street
San Francisco, California  94105
(415) 268-7000

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Adrea, LLC*

Dated: September 22, 2011

Because of the continuing factual inaccuracies and misrepresentations in Amazon's reply in support of its motion, Adrea and Discovery have been forced to submit the following sur-reply in opposition to Amazon's motion.

## I. Fact discovery did not close on January 31, 2011

Amazon claims that it has been prejudiced because Adrea produced documents and provided supplemental interrogatory responses up to and including January 31, 2011, the date that the Court had originally set as the close of fact discovery. (*See, e.g.*, Amazon's reply, D.I. 398 at 12 (contending that a supplemental interrogatory response was provided on January 31, 2011, "the *last* day of fact discovery").)  Undeterred by the fact that discovery had closed, Amazon itself proceeded to produce over 200,000 pages of documents after that date, continued to do so until the middle of March, and even served an entirely new set of non-infringement contentions on March 28, 2011 for good measure. (*See* D.I. 377 at 18-19 and D.I. 371 at 2.)  Moreover, Amazon has yet to make available for deposition its witness Jeffrey Bezos, who was originally promised for the end of 2010.  Accordingly, Amazon's constant refrain that it has somehow been prejudiced by the limited number of documents and supplemental interrogatory responses provided to it on January 31, 2011 is disingenuous at best, and highlights the fact that it is actually Adrea and Discovery that have been prejudiced by Amazon's gamesmanship.

## II. Plaintiff Adrea and Counterclaim Defendant Discovery are not the same entity

Amazon continues to erroneously conflate two distinct entities.  As explained in Adrea and Discovery's opposition brief, Adrea is a joint venture owned by four entities including Discovery, Intertrust, Sony, and Philips. (D.I. 377 at 17.)  Though Amazon now deliberately conflates Adrea and Discovery for strategic reasons, it has long since been aware of the distinction between Adrea and its owners such that it separately subpoenaed each for depositions and the production of documents.  Indeed, Amazon's contention that documents *that were*

*produced to it* by the joint venture members have been withheld by Adrea, a different entity that does not possess those documents, is both nonsensical and representative of Amazon's unreasonableness and bad faith requests throughout the course of discovery. (*See, e.g.*, D.I. 398 at 6-7 (contending that "Adrea has *never* produced" a document produced by Discovery).)

**III.     Amazon's sudden manufactured interest in discovery that it has been aware of since the summer of 2010 and no later than January 2011 is belied by its failure to have moved to compel at any time**

To the extent that it was actually ever interested in any of the documents, interrogatory responses, or deposition testimony described in its reply brief, Amazon failed to follow the admonition of its own counsel during the recent hearing before Special Master Bechtle: "If they had a problem with that, they should have moved to compel." (August 22, 2011 Hearing Tr. at 61:8-9.) Tellingly, Amazon did not file a single motion to compel during the lifetime of this case. Its sudden claims of prejudice and hypothetical actions it could have taken are both frivolous and belied by the actual record in this case.

The Court should reject Amazon's demands for all or nothing discovery, especially where Amazon (1) has failed to identify specific documents (other than those it already has in its possession) that it actually requested and did not receive; and (2) has failed to demonstrate that it actually took steps to obtain that discovery.

|  | YOUNG CONAWAY STARGATT & <br>   TAYLOR, LLP |
|---|---|
| OF COUNSEL: <br> Michael A. Jacobs <br> Richard S.J. Hung <br> Deok Keun Matthew Ahn <br> Patrick J. Zhang <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105 <br> (415) 268-7000 <br><br> Dated:  September 22, 2011 | */s/ Jeffrey T. Castellano* <br> Elena C. Norman (No. 4780) <br> Jeffrey T. Castellano (No. 4837) <br> The Brandywine Building <br> 1000 West Street, 17th Floor <br> Wilmington, Delaware  19801 <br> (302) 571-6600 <br> jcastellano@ycst.com <br><br> *Attorneys for Adrea, LLC* |

4