**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADREA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |
| ————————————— | ) |
| AMAZON.COM, INC. | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADREA, LLC, DISCOVERY | ) |
| COMMUNICATIONS, INC., DISCOVERY | ) |
| COMMUNICATIONS, LLC, and THE | ) |
| DISCOVERY CHANNEL STORE, INC., | ) |
| | ) |
| Counterclaim Defendants. | ) |

C.A. No. 10-600-ER
(Consolidated)

**DEMAND FOR JURY TRIAL**

**AMAZON.COM, INC.'S OPPOSITION TO ADREA AND DISCOVERY'S**
**MOTION FOR LEAVE TO FILE A SUR-REPLY TO AMAZON'S**
**MOTION TO EXCLUDE ADREA FROM RELYING ON UNDISCLOSED**
**VALUATIONS AND FOR OTHER REQUESTED RELIEF**
**DUE TO PLAINTIFFS' DISCOVERY MISCONDUCT**

OF COUNSEL:

Josh A. Krevitt
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Dated:   October 6, 2011
1030273 / 34137

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

Discovery Communications, Inc. ("Discovery") and Adrea, LLC's ("Adrea") Motion for

Leave (D.I. 404) to file a sur-reply ("Motion for Leave") to Amazon's Motion to Exclude Adrea

from Relying on Undisclosed Valuations and for Other Requested Relief Due to Plaintiffs'

Discovery Misconduct (D.I. 300) should be denied.

Adrea and Discovery first argue that their sur-reply is necessary because Amazon

"supplemented its arguments with material it reserved for its reply in violation of Local Rule

7.1.3(c)(2) . . . at least two instances of which require a response." That allegation is

unsubstantiated: Adrea and Discovery do not identify any particular concept or argument

Amazon (allegedly) included in its Reply for the first time, not even the "two instances" to which

they refer in their Motion for Leave.  Instead, Adrea and Discovery generally reference the

Reply's eleven exhibits.  (D.I. 399.)  But Adrea and Discovery make no attempt to describe how

those exhibits constitute the reservation of new material, as opposed to constituting the simple

substantiation of Amazon's rebuttal of arguments made in Adrea and Discovery's Opposition.

Because Adrea and Discovery have not shown that Amazon violated Delaware Local Rule

7.1.3(c)(2) by sandbagging Adrea and Discovery with new arguments in its Reply, a sur-reply is

unnecessary and Adrea and Discovery's Motion for Leave should be denied.

Second, Adrea and Discovery assert that their proposed sur-reply is necessary to correct

misrepresentations about the relationship between Adrea and Discovery.  (D.I. 404, at 2.)  Even

if that were true (which it is not), Adrea and Discovery's proposed sur-reply does nothing to

assist the Court in clarifying that distinction.  Instead, Adrea and Discovery's proposed sur-reply

simply restates that accusation in more colorful language.  (D.I. 404, at Ex. A, at 2 (alleging that

Amazon is "deliberately conflat[ing] Adrea and Discovery for strategic reasons").)  Because

Adrea and Discovery's proposed sur-reply does not, in fact, assist the Court in most

appropriately allocating responsibility for the discovery misconduct committed throughout the course of first Discovery's, then Adrea's, management of this litigation, the Motion for Leave should be denied.

Third, Adrea and Discovery argue that their sur-reply should be considered because Amazon misrepresented the "claim" that discovery closed on January 31.  Even if that were true (which it is not, as there was no misrepresentation and discovery did, in fact, officially close on January 31), Adrea and Discovery's proposed sur-reply does not actually dispute the fact discovery closed on January 31.  Instead, it would seem that Adrea and Discovery raised that issue so they could use their sur-reply to discuss Amazon's unrelated post-close document productions and other discovery issues, all of which have already been the subject of separate, adjudicated, discovery motions.  Because Adrea and Discovery's proposed sur-reply agrees that fact discovery officially closed on January 31, a sur-reply is unnecessary and the Motion for Leave should be denied.

Finally, Adrea and Discovery would like the Court to consider a statement made by Amazon's counsel during the August 22, 2011 hearing in support of Adrea and Discovery's argument, made for the first time in their sur-reply, that Amazon was somehow remiss in failing to file a motion to compel relating to the documents and issues Amazon raises in its Motion to Exclude (D.I. 300).  Permitting a sur-reply in this situation is inappropriate because Amazon's moving papers clearly addressed why it should not have been expected to file a motion to compel on these issues,[1] and Discovery and Adrea failed to respond to that argument in their Opposition.

---

[1]  "[S]anctions are appropriate in the absence of a prior order, particularly when the offending party's own concealment of relevant evidence has the effect of lulling the innocent party into believing that it has received all responsive materials, such that there would have been no reason

[Footnote continued on next page]

Adrea and Discovery should not now have the opportunity to argue a point they effectively

conceded by omission, regardless of the statement made by Amazon's counsel during an

unrelated hearing.  Adrea and Discovery's Motion for Leave should be denied.


|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| | |
| Josh A. Krevitt | |
| Y. Ernest Hsin | By:   /s/ David E. Moore |
| GIBSON, DUNN & CRUTCHER LLP | Richard L. Horwitz (#2246) |
| 200 Park Avenue | David E. Moore (#3983) |
| New York, NY 10166 | Hercules Plaza, 6th Floor |
| Tel: (212) 351-4000 | 1313 N. Market Street |
| | Wilmington, DE  19801 |
| Dated:   October 6, 2011 | Tel:  (302) 984-6000 |
| 1030273 / 34137 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| | |
| | *Attorneys for Defendant Amazon.com, Inc.* |

---

[Footnote continued from previous page]
to move to compel at an earlier stage."  (D.I. 300, at 17 (emphasis supplied); *see also id.*
(discussing *Qualcomm, Inc. v. Broadcom, Inc.*, No. 05cv1958-B, 2008 WL 66932, at *7 (S.D.
Cal. Jan. 7, 2008) (concluding by promising to produce responsive materials, and then failing to
do so, Qualcomm had "placed its retained attorneys in a better legal position than they would
have been in if Qualcomm had refused to produce the documents" and Broadcom had filed a
motion to compel)).)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 6, 2011, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on October 6, 2011, the attached document was Electronically

Mailed to the following person(s):

Elena C. Norman
Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899-2207
enorman@ycst.com
jcastellano@ycst.com

Michael A. Jacobs
Deok Keun Matthew Ahn
Patrick J. Zhang
Richard S.J. Hung
Brooks M. Beard
Francis C. Ho
Theodore M. Hasse
Jason D. Hall
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
mjacobs@mofo.com
dahn@mofo.com
rhung@mofo.com
pzhang@mofo.com
bbeard@mofo.com
fho@mofo.com
thasse@mofo.com
jhall@mofo.com

Brent P. Lorimer
Sterling A. Brennan
L. Rex Sears
Seth W. Black
Workman Nydegger
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT  84111
blorimer@wnlaw.com
sbrennan@wnlaw.com
rsears@wnlaw.com
sblack@wnlaw.com

  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

916443 / 34137