IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADREA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-600-ER |
| | ) | |
| v. | ) | (Consolidated) |
| | ) | |
| AMAZON.COM, INC., | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS | ) | |

**PLAINTIFF ADREA, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE AMAZON.COM, INC.'S BELATED NON-INFRINGEMENT CONTENTIONS; OPPOSITION TO AMAZON.COM, INC.'S CONDITIONAL CROSS-MOTION TO LIMIT VALIDITY CONTENTIONS**

*Of Counsel*
MORRISON & FOERSTER LLP
Michael A. Jacobs
Richard S.J. Hung
Deok Keun Matthew Ahn
Patrick J. Zhang
425 Market Street
San Francisco, California  94105
(415) 268-7000

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Adrea, LLC*

Dated: September 30, 2011

Redacted Version:  October 7, 2011

## INTRODUCTION

Amazon has given no reason why it did not provide its actual non-infringement theories months ago. Amazon knew Adrea's detailed infringement theories by September 1, 2010, at the latest, and all of the pertinent facts were within Amazon's control. There are only two possible explanations for Amazon's eleventh-hour surprise: lack of diligence, or purposeful concealment. Under either circumstance, Amazon's new contentions should be stricken.

Indeed, Amazon's opposition concedes the key facts underlying Adrea's motion:

- Amazon was aware of Adrea's detailed infringement theories at least as early as September 1, 2010. (*See* D.I. 389 (Amazon's Opposition to Adrea's Motion to Strike ("Opp'n") at 3).)

- Amazon could have investigated and disclosed its non-infringement theories, but chose not to. (*See* Opp'n at 6.)

- Amazon's supplement adds new material in at least "*four* categories." (Opp'n at 1 (emphasis added).)

- Adrea cannot cure any prejudice, as fact discovery has closed. (*See* Opp'n at 4.)

Faced with these facts, Amazon bases its opposition on two false premises. First, Amazon argues that its supplement did not add new theories of non-infringement. That is plainly untrue. For example, with regard to the "supplying a decryption key" limitation, Amazon previously asserted that ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨ (D.I. 363 (Adrea's Motion to Strike Amazon's Belated Non-Infringement Contentions ("Mot.")) at 5 (quoting Zhang Decl. Ex. 2 at Ex. 2, p. 4)).)[1] Now, Amazon asserts that ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ (*Id.* (quoting Zhang Decl. Ex. 4 at Ex. 2, p. 4) (emphasis added).) In other words, Amazon has completely changed its argument from the theory that the ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

Second, Amazon contends that it had no duty to provide more detail than the blanket denials in its prior contentions. That is not the law. Courts have required defendants to set forth the substance and basis of a defense—not merely the vacuous and formulaic responses Amazon

---

[1] Citations to the "Zhang Decl." refer to the Zhang Declaration filed with Adrea's Motion to Strike. (D.I. 364.)

previously provided—*prior to* the close of fact discovery, in order to prevent "trial by ambush." *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus.*, 1996 U.S. Dist. LEXIS 17362, at *25 (N.D. Ill. Nov. 20, 1996) (quotation marks and citation omitted).

It is important to note that Amazon successfully moved just two months ago to limit Adrea's infringement contentions served on January 27, 2011. At that time, Amazon's position was that Adrea should not be permitted to supplement its infringement contentions *before* 30(b)(6) depositions and *before* the close of fact discovery (even though Amazon had denied Adrea discovery regarding future Kindle models and testing). Amazon now asks to be permitted to supplement its non-infringement contentions *after* 30(b)(6) depositions and *after* the close of fact discovery. The Court should reject Amazon's double standard.

## ARGUMENT

**I.    Amazon's Supplement Adds New Theories that It Had a Duty to Previously Disclose**

**A.    Amazon Propounds New Theories of Non-Infringement**

Amazon repeatedly characterizes its supplement as merely adding "facts" (*e.g.*, Opp'n at 1-2, 4-5), but the actual document belies this assertion. For example, as noted above, the supplement includes a novel non-infringement theory based on the purported difference between ██████████████████████████████████████████ Amazon also adds other new theories, such as:

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████



**B.      Amazon Was Required to Disclose These Theories Previously**

Amazon had a duty to disclose these theories well before the close of fact discovery. *Heidelberg* is instructive on this issue.

In *Heidelberg*, defendants gave "general notice" in their answer and interrogatory responses that they intended to assert a Section 112 defense, but failed to "flesh[] out" "the details of and basis for that defense" until they issued their expert report, *after* fact discovery had closed. *Heidelberg*, 1996 U.S. Dist. LEXIS 17362, at *21. Defendants, however, "had notice of the facts that form[ed] the basis of" that defense "well *before* the close of fact discovery." *Id.* at *22 (emphasis added).

The court held that to permit defendants to wait to "apprise [plaintiff] of the substance and basis" for their defense until *after* fact discovery closed would "frustrate[]" the purpose of Fed. R. Civ. P. Rule 26, "because the opposing party is denied the opportunity to conduct discovery on the supplemented responses." *Heidelberg*, 1996 U.S. Dist. LEXIS 17362, at *25-26. The court therefore precluded defendant from introducing evidence regarding its Section 112 defense at trial.[2]  *Id.* at *30; *see also High Point SARL v. Sprint Nextel Corp.*, 2011 U.S. Dist.

---

[2] Amazon's attempt to distinguish *Heidelberg* is unavailing. Amazon argues that the problem in that case was that defendant waited until *its expert report* to provide the basis for its defense. (Opp'n at 12.) The court, however, was quite explicit that the problem was waiting until *after the close of fact discovery*, thus preventing plaintiff from taking discovery to attack the defense. *Heidelberg*, 1996 U.S. Dist. LEXIS 17362, at *25, 27-30.

LEXIS 5646, at *6, 9-10 (D. Kans. Jan. 20, 2011) (prior to the close of fact discovery, requiring defendant to set forth its non-infringement theories "with the same level of specificity as that provided" in plaintiff's infringement contentions).

Indeed, as Amazon itself strenuously argued in its motion to preclude Adrea's infringement theories just a few months ago, "'The purpose of contention interrogatories . . . is to give each party sufficient notice of the opposing party's contentions at trial and an opportunity to respond to those contentions. The court will prevent a party from raising a claim or defense at trial that was not adequately described in response to a contention interrogatory.'" (D.I. 290 (Amazon's Opposition to Adrea's Motion to Compel) at 6 (quoting *Thorn EMI N. Am., Inc. v. Intel Corp.*, 936 F. Supp. 1186, 1191 (D. Del. 1996)).)

Here, Amazon does not argue that it was unable to supplement its non-infringement contentions prior to the close of fact discovery. In fact, Amazon had full disclosure of Adrea's infringement theories nearly *seven months* before it served its present non-infringement contentions. All of the facts supporting its non-infringement arguments were at its fingertips, as all the pertinent witnesses and documents are under Amazon's control. Amazon has plainly known its non-infringement theories for months, if not years, yet it apparently did *no* fact investigation *or* deliberately withheld this information until March 2011.[3]

### C.  Amazon's Cases Do Not Help It

Moreover, Amazon cites no cases that suggest its prior non-infringement contentions were adequate given that it clearly had different or far more detailed theories in mind. For example, in *Accenture Global Servs. GmbH v. Guidewire Software Inc.* (Opp'n at 6), the court

---

[3] Amazon also argues that certain of its non-infringement contentions could not have been served prior to the Court's claim construction order. But Amazon well knew the crystallized claim construction positions taken during briefing by both parties and fails to explain why it did not make alternative arguments based on each party's position—which would have allowed Adrea to properly proceed with fact discovery while the parties awaited the Court's claim construction order.

As demonstrated by Adrea's infringement contentions, which did not need to be supplemented post-order, this could have been readily done. Claim construction is not an excuse for why Amazon failed to fully answer Adrea's interrogatory.

declined to strike invalidity contention where defendant had identified a specific invalidity theory—the on-sale bar—*and* "specified the [factual] basis for its theory." 691 F. Supp. 2d 577, 588 (D. Del. 2010). In contrast, Amazon's *timely* contentions do not set forth any more of a non-infringement "theory" than general statements that "Amazon does not perform this claim step."

*Centillion Data Sys. v. Convergys Corp.* (Opp'n at 7) is also unhelpful to Amazon's position. There, the court concluded that defendant "made a good faith effort . . . to set forth its [non-infringement] claims." 2007 U.S. Dist. LEXIS 74524, at *4 (S.D. Ind. Oct. 4, 2007). No such good faith can be shown here, where Amazon substantially changed its theories *after* fact discovery ended. Nor does *Cummins-Allison Corp. v. SBM Co., Ltd.* (Opp'n at 7) help Amazon. In that unpublished decision, *plaintiff* "'hid[] the ball'" by asserting *116 claims* "in an attempt to divert Defendant from the actual claims" it would assert at trial. 2009 U.S. Dist. LEXIS 22100, at *4-5 (E.D. Tex. Mar. 19, 2009). Under those circumstances, it is unsurprising that defendant was apparently not required to fully delineate its non-infringement theories until after its expert report.

Finally, *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.* (Opp'n at 9, 12) also is distinguishable because, in that case, the "parties' contentions as to the alleged infringement . . . [were] quite fluid over the course of the litigation," and plaintiff was "ab[le] to amply respond to [defendant's] new contentions." 2003 U.S. Dist. LEXIS 23553, at *10 (C.D. Cal. Dec. 2, 2003). In contrast, Adrea's infringement theories have been essentially the same throughout this case, and Adrea cannot adequately respond to Amazon's new contentions because fact discovery is over.

## II. Amazon's Untimely Supplement Has Greatly Prejudiced Adrea

Amazon is wrong that Adrea has not suffered prejudice. (*See* Opp'n at 9-12.) Had Amazon disclosed its non-infringement theories in timely fashion, Adrea could have propounded interrogatories, document requests, subpoenas, and deposition notices aimed at those theories. Adrea could have generated analysis with its technical experts to rebut many of the hairsplitting technical arguments. And Adrea could have brought different or additional documents to the

- 5 -

depositions and spent its limited deposition time homing in on the key issues. Amazon's ambush forced Adrea to spend the fact discovery period and deposition time groping in the dark for Amazon's true theories—which is not what the Federal Rules envisioned for responses to contention interrogatories.

██████████████████████████████████████████████████████████████

██████████████████████████ Amazon cites fewer than *three pages* of deposition testimony as evidence that Adrea had the opportunity to "thoroughly question[]" Mr. Goldberg on that topic. (Opp'n at 11 (citing D.I. 390 ("Lee Decl.") Ex. 1 at 65:22-66:12, 69:1-8, 70:23-71:18).) Amazon ignores that Mr. Goldberg's testimony represents the *first* time Amazon revealed this novel theory—and it occurred on February 11, 2011, *after* the fact discovery cut-off. Had Adrea been given notice of this theory by Amazon—as Amazon was obligated to do in response to Adrea's contention interrogatory—Adrea could have focused document discovery, interrogatories, depositions, and expert analysis around this very issue. Rather, Amazon's lack of diligence (or strategy) has unfairly resulted in Amazon having the last word on this issue in contradiction of the Federal Rules—this the very definition of "trial by ambush."

In fact, Amazon's prior contentions actively pointed Adrea in the wrong direction. For instance, ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████ █████
████████████████████████████████████████████████████████
██████████████████████████████ But it is now too late for Adrea to re-focus its discovery efforts on that highly technical and specific issue, which Amazon gave no prior indication it would introduce into this litigation, because fact discovery is over.

Far from showing that Adrea was "unambiguously on notice . . . of Amazon's positions," the deposition excerpts Amazon cites (Opp'n at 10-11) merely show that Adrea prepared for the depositions based on Amazon's nebulous prior contentions, and may have happened upon

Amazon's secret theories at some point during questioning. ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ Thus, it did not have the opportunity to fully explore this

distinction in fact discovery, beyond the off-the-cuff questioning that could be managed on a

limited factual basis at deposition.

Amazon cannot claim that it provided Adrea with sufficient notice under the Federal

Rules, when that notice came after the fact discovery deadline and during limited depositions

that had to be extended due to Amazon's delay.  Amazon should not be rewarded for its lack of

diligence when it could have given Adrea notice much earlier.  If indeed it was Amazon's

decision not to investigate or disclose its non-infringement arguments during fact discovery (*e.g.*,

to rely solely on invalidity at trial), then that is Amazon's choice.  But its failure to timely

develop and disclose these theories to Adrea should result in their preclusion.  Amazon can't

have it both ways.

Amazon has asked the Court to adopt a double standard by striking Adrea's *January 27*

infringement contentions (served *before* the close of fact discovery) while allowing Amazon's

untimely *March 28* non-infringement contentions (served almost *two months after* close of fact

discovery).  For the self-evident prejudice suffered by Adrea as a result of Amazon's

inexplicably late, post-discovery non-infringement contentions, the Court should strike them.

### III.    Amazon's Arguments Based on Adrea's Validity Contentions Are Groundless

As has become Amazon's practice in this case when it perceives that Adrea has the better

position, Amazon has filed a cross-motion on an unrelated issue—Adrea's validity contentions.

Tellingly, Amazon did not previously raise any alleged deficiencies in Adrea's validity

contentions in its previous correspondence to the Court or Special Master summarizing the

parties' discovery disputes.  Amazon also did not mention this dispute in the parties' prior

telephonic and in-person conferences with the Special Master regarding issues requiring his assistance.

Regardless of the untimely nature of Amazon's complaints, Amazon's cross-motion plainly lacks merit.  Based on its belief that Adrea's validity contentions are insufficiently detailed, Amazon posits that the parties had in mind a "framework" with regard to "negative" contentions.[4]  (Opp'n at 8-9.)  Amazon ignores the imbalance of knowledge that makes non-infringement contentions fundamentally different from validity contentions.  Validity contentions point out what is missing from prior art that is equally available to all parties to read and analyze.  If a patentee asserts that a limitation is missing from a prior art reference, an infringer is equally capable of reading the reference, evaluating that assertion, and taking necessary discovery.  There is little potential for prejudice.

Moreover, Adrea's validity responses were properly served *before* the close of fact discovery—not months after—and were driven by Amazon's unreasonable assertion of *over 300 prior art references*.  (Amazon's January 10, 2011 supplementation alone attached 600-plus pages of appendices and charts.)[5]  As it stands, Adrea's validity contentions spanned *over 450 pages* and required hundreds of man-hours to create.  Just as in *Cummins-Allison*, cited by Amazon, its decision to "'hide the ball'" by asserting over 300 prior art references "in an attempt to divert [Adrea] from the actual [references]" it would assert at trial justifies a less detailed (and more reasonable) response.  2009 U.S. Dist. LEXIS 22100, at *4-5.

In contrast, more detail is *vital* for non-infringement contentions because the infringer has far greater access than the patentee to information about how the accused system functions.  Unlike validity contentions, non-infringement contentions directly guide fact discovery into the

---

[4] Discovery's purported position regarding non-infringement contentions is irrelevant. (*See* Opp'n at 9.)  Discovery and Adrea are separate parties and, indeed, Adrea is not accused of infringement in this lawsuit.

[5] If Amazon is true in its conviction that the party bearing the burden of proof must provide detailed contentions well before the close of fact discovery, which Amazon used to gain preclusion of certain of Adrea's infringement contentions, then it will surely acquiesce to any future request by Adrea to preclude any late disclosed prior art references that are mentioned in Amazon's expert reports.

accused systems—which are, unlike prior art references, under the control of Amazon.  Allowing an infringer to conceal its non-infringement theories, as Amazon has done in this case, permits the infringer to exploit its greater knowledge of the accused systems to prevent a patentee from obtaining key facts.

## IV.    Amazon Identifies No Prejudice or Bad Faith with Respect to Adrea's Validity Contentions

Amazon has made no attempt to affirmatively support its cross-motion by arguing prejudice, inability to cure the prejudice, potential disruption of trial, or bad faith.  (*See* Mot. at 7-8 (citing *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)).)  There would be no prejudice from allowing Adrea to further explicate validity via expert report because, as noted, Amazon has had equal access to the prior art.  There is nothing Amazon could have learned from Adrea regarding the prior art that is not evident on the faces of the references themselves.  Consistent with this truism, Amazon has not set forth what fact discovery it would have taken if Adrea had provided still more detail in its validity contentions.

There will plainly be no disruption of the trial from allowing Adrea to further state its validity theories, and Amazon can point to no facts indicative of bad faith.  Amazon's only support for its cross-motion is a "tit-for-tat" argument (Opp'n at 12-13), but that is a poor substitute for an affirmative showing that Adrea must be limited to matters disclosed in its validity contentions, especially in light of Amazon's unreasonably burdensome invalidity assertions.

In order to avoid the appearance of the double standard it seeks to enforce, Amazon brings an unrelated and ill-supported cross motion to explain away its lack of diligence as to non-infringement contentions.  But because Amazon has failed to adequately support its conditional cross motion or demonstrate any prejudice, the Court should deny that motion.

## CONCLUSION

For the reasons set forth above, Adrea accordingly requests that the Court enter an order granting its motion to strike Amazon's untimely non-infringement contentions and denying Amazon's cross-motion.

YOUNG CONAWAY STARGATT &
    TAYLOR, LLP

OF COUNSEL:

Michael A. Jacobs
Richard S.J. Hung
Deok Keun Matthew Ahn
Patrick J. Zhang
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
(415) 268-7000

Dated:  September 30, 2011

*/s/ Jeffrey T. Castellano*
Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Adrea, LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on October 7, 2011, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz
>David E. Moore
>Potter, Anderson & Corroon
>6th Floor, Hercules Plaza
>1313 N. Market Street
>Wilmington, DE 19801
>rhorwitz@potteranderson.com
>dmoore@potteranderson.com

I further certify that on October 7, 2011, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL:

>Josh A. Krevitt
>Y. Ernest Hsin
>Gibson, Dunn & Crutcher LLP
>200 Park Avenue
>New York, NY 10166
>jkrevitt@gibsondunn.com
>ehsin@gibsondunn.com

>Brooke L. Myers
>Jacon C. Lo
>Jennifer J. Rho
>Gibson, Dunn & Crutcher LLP
>333 South Grand Avenue
>Los Angeles, CA 90071
>bmyers@gibsondunn.com
>jlo@gibsondunn.com
>jrho@gibsondunn.com

Stuart M. Rosenberg
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
srosenberg@gibsondunn.com

Mark Reiter
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
mreiter@gibsondunn.com

William F. Cronin
Corr Cronin Michelson Baumgardner & Preece LLP
1001 Fourth Avenue
Suite 3900
Seattle, WA  98154
wcronin@corrcronin.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jeffrey T. Castellano*

Elena C. Norman (No. 4780)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19801
(302)-571-6600
jcastellano@ycst.com

*Attorneys for Adrea, LLC, Discovery Communications, Inc., Discovery Communications, LLC, and The Discovery Channel Store, Inc.*

01: 11348319.1                                                   900002.0008