# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADREA, LLC, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>AMAZON.COM, INC., <br><br>　　　　Defendant. | ) <br> ) <br> ) C.A. No. 10-600-ER <br> ) (Consolidated) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) **PUBLIC VERSION** <br> ) <br> ) |
| AMAZON.COM, INC. <br><br>　　　　Counterclaim Plaintiff, <br><br>　　v. <br><br>ADREA, LLC, DISCOVERY COMMUNICATIONS, INC., DISCOVERY COMMUNICATIONS, LLC, and THE DISCOVERY CHANNEL STORE, INC., <br><br>　　　　Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO LIMIT VALIDITY CONTENTIONS

OF COUNSEL:

Josh A. Krevitt
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Dated: October 14, 2011
PUBLIC VERSION Dated: October 21, 2011
1032231 / 34137

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

I. **Introduction**

In its opposition to Amazon's contingent cross-motion to strike Adrea's "validity" contentions, Adrea does not dispute the following points:

- Amazon served detailed invalidity contentions that explain how and why the Adrea patents are invalid, and supported such contentions with numerous citations;

- Adrea's responsive validity contentions consist of nothing more than boilerplate, conclusory assertions that do nothing more than state that the cited prior art lacks claim elements;

- In its contentions, Adrea does not explain *why* the cited prior art lacks the identified claim elements;

- Even before the March 2011 supplementation, Amazon's non-infringement contentions contained more detail and explanation than Adrea's last set of validity contentions;

- The cases recognize that contentions covering issues for which a party does not bear the burden of proof are treated differently and require less detail than contentions covering issues for which a party does bear the burden of proof; and

- Given the case law, even Discovery, who is also represented by Adrea's counsel, conceded in correspondence that contentions covering issues for which a party does not bear the burden of proof require less detail than contentions covering issues for which a party does bear the burden of proof.

These undisputed points lead to one conclusion: Adrea's motion to strike Amazon's non-infringement contentions should be denied.

In a last ditch effort to justify its motion to strike and excuse the lack of detail in its "validity" contentions, Adrea creates a straw-man argument premised on an assertion that an "imbalance of knowledge" exists between non-infringement and validity issues. That is, Adrea asserts that it has less of a duty to explain its validity positions because Adrea and Amazon possess the same facts regarding validity, whereas Amazon is in greater possession of facts than Adrea regarding non-infringement. *See* D.I. 408, Adrea's Reply for its Motion to Strike and Opposition to Amazon's Cross-Motion ("Adrea Reply/Opp.") at 8. This argument, of course,

misses the point. First, through the discovery process, the parties are in possession of the same set of facts. Indeed, Amazon's supplemental contentions simply identify facts *Adrea* developed through discovery (*i.e.*, depositions) of Amazon's witnesses and are not based on some mysterious, undisclosed cache of information. Second, contentions ask a party to explain "why" the *party* believes a fact is or is not present; in that regard, because only the answering party can state why it believes a fact is or is not present, the parties are on equal footing. Finally, Adrea cites no cases or other legal authority that applies or supports this "imbalance of knowledge" proposition; rather, the cases uniformly hold that parties without the burden of proof are held to a lower standard when answering contention interrogatories.

Therefore, if the Court is inclined to grant Adrea's motion to strike Amazon's non-infringement contentions, then Adrea should be held to the same standard, and should be precluded from asserting more detail beyond what is in its existing cursory validity contentions.

## II. Adrea's Validity Contentions Are Less Detailed Than Amazon's Earlier-Served Non-Infringement Contentions That Adrea Now Claims Are Insufficient

As noted above and in Amazon's opening brief, Amazon provided detailed invalidity contentions. Adrea responded with "validity" contentions that stated, without detail, that the prior art lacked certain claim elements. For instance, in response to Amazon's comprehensive claim charts and citations covering the *Yamada* prior art reference, Adrea responded with the following, identical contention covering two separate claim elements:

> Amazon's citations to Yamada ... do not disclose "supplying an encryption key, and encrypting the selected electronic book using the encryption key."

D.I. 390-91, Declaration of Elvin Lee in support of Amazon's Opposition and Cross-Motion ("Lee Decl.") at Ex. 16, Attachment B at 150 (list of Amazon's citations to *Yamada* omitted). Clearly, this does not shed any insight into *why* or *how* Adrea believes that Amazon's invalidity contentions are not supported by its citations to the *Yamada* reference.

Further, for many of the same claim limitations that Adrea complains Amazon failed to adequately address in its non-infringement contentions, Adrea provided far less detail in its validity contentions. As just one example, compare Amazon's November 12, 2010 non-infringement contention regarding the claim element "encrypting the selected electronic book using the encryption key," which Adrea asserts is insufficient at page 4 of its Motion to Strike, with Adrea's validity contention for the very same element in the context of the *Ebersole* prior art reference:



| Amazon's Non-Infringement Contention | Adrea's Validity Contention |
|---|---|
| ■ | Amazon's citations to Ebersole … do not disclose "encrypting the selected electronic book using the encryption key."[2] |

If Adrea is correct that Amazon's non-infringement contentions "concealed its non-infringement theories," Adrea Reply/Opp. at 9, then more so is it true that Adrea's validity contentions concealed – *and continue to conceal* – Adrea's validity theories from Amazon. Adrea should not be permitted to apply this double standard.

### III. Adrea's Argument That Non-Infringement And Validity Contentions Should Be Held To Different Standards Has No Basis in Law or Fact

To excuse the insufficiency of its validity contentions, Adrea argues that there exists an

---

[1] D.I. 364, Declaration of Patrick Zhang in support of Adrea Motion ("Zhang Decl."), Ex. 2 at 2.
[2] Lee Decl. Ex. 16, Attachment B at 354 (list of Amazon's citations to *Ebersole* omitted).

3

"imbalance of knowledge" that requires treating non-infringement contentions differently from validity contentions. Adrea Reply/Opp. at 8. Adrea cites no legal support for this argument, and on that basis alone it should be rejected.

As noted above, apparently because no legal support exists, Adrea attempts to justify its argument by positing that because validity contentions are based on prior art that is publicly available, they need not be as detailed as non-infringement contentions because non-infringement contentions are based on technical information that is inaccessible to the plaintiff. But Adrea ignores the fact that through discovery Adrea had access to all of the relevant technical information related to the accused Amazon products and services. Indeed, Amazon produced over one million pages of documents relating to those accused products and services or from Amazon's technical custodians, and Adrea's experts spent over 150 hours – over 21 days – inspecting the source code for Amazon's accused products and services. D.I. 320, Declaration of Elvin Lee in support of Amazon's Opposition to Adrea's Motion to Modify the Protective Order, ¶¶ 14-15. Furthermore, the overwhelming majority of the allegedly new material in Amazon's non-infringement contentions about which Adrea complains in its motion to strike consists of testimony *Adrea elicited* from Amazon's technical witnesses in depositions that Adrea noticed and took. *See, e.g.,* Zhang Decl. Ex. 4 at Ex. 1-2; *see also* Lee Decl. ¶ 2. Thus, as with the prior art, the underlying technical evidence is and has been available for all parties to study.

If Adrea intends this "imbalance of knowledge" argument to mean that Amazon's non-infringement contentions fail to explain in sufficient detail "why" and "how" Amazon believed Adrea's infringement contentions were insufficient, then, again, Adrea must be forced to face the fact that it provided absolutely no detail regarding "why" and "how" Amazon's invalidity contentions were insufficient. Adrea cannot be permitted to continue with this double standard.

Adrea's citation to the *Cummins-Allison* case in support of its further attempt to excuse its conclusory contentions by claiming Amazon identified too much prior art also fails. First, the *Cummins-Allison* case involved a *plaintiff's* assertion of a large number of *patent claims* – **not** a *defendant's* assertion of a large number of *prior art references*. *Cummins-Allison Corp. v. SBM Co., Ltd.*, 9:07-cv-196, 2009 WL 806753 at *2 (E.D. Tex. Mar. 19, 2009). Ironically, Amazon filed a motion to limit Adrea's assertion of too many patent claims, while Adrea never moved to limit the number of prior art references. *See* D.I. 13, Amazon Motion to Limit Claims. Second, the *Cummins-Allison* case does not hold that a party may provide less detailed rebuttal contentions merely because the party is rebutting a large number of asserted patent claims. Rather, the court in *Cummins-Allison* explained that "[t]he purpose of interrogatories is not to require [a party not bearing the burden of proof] to divulge their crystallized [rebuttal] arguments upon which they will rely at trial." *Cummins-Allison Corp.*, 2009 WL 806753 at *2. Contrary to *Cummins-Allison*, Adrea seeks to require Amazon to divulge its "crystallized" rebuttal non-infringement arguments, while Adrea withholds its "crystallized" rebuttal validity arguments.

Finally, Adrea's timing argument – that Adrea served its contentions on the last day of fact discovery in contrast to Amazon serving its contentions later – also fails. As discussed in Amazon's opposition to Adrea's motion to strike, Amazon's most recent non-infringement contentions merely conformed Amazon's previously-served contentions to additional evidence that Adrea developed through depositions late in discovery and, in many cases, after the discovery cutoff. *See, e.g.*, D.I. 389, Amazon Opposition to Motion to Strike ("Amazon Opp.") at 4-7. Both parties acquiesced and agreed to conduct depositions after the formal end of fact discovery, and Adrea cannot now complain, in another attempt to apply a double standard, that Amazon cannot rely on such depositions while Adrea can.

## IV. To The Extent That Adrea Would Be Prejudiced By Amazon's Additional Detail In Its Later-Served Non-Infringement Contentions, So Too Would Amazon Be Prejudiced If Adrea Were Permitted To Add To Its Current Validity Contentions

All of the arguments regarding prejudice that Adrea made in its motion to strike Amazon's later-served non-infringement contentions would apply equally to Amazon if Adrea were permitted to add detail beyond its current validity contentions. Fact discovery has closed; Amazon does not have an opportunity to investigate factually whatever additional details Adrea's expert might raise; and had Amazon had access to more detailed validity contentions earlier in the case, Amazon would have been able to perform more investigation into the factual bases for such contentions. In short, if Adrea would suffer prejudice, then so too would Amazon.

\* \* \*

In sum, Adrea's opposition fails to establish that any of its complaints about Amazon's non-infringement contentions do not apply equally to Adrea's validity contentions. Thus, to the extent the Court is inclined to grant Adrea's motion to strike Amazon's later-served infringement contentions, then Amazon respectfully requests that Adrea's validity contentions must be held to the same standard, and, as a result, Adrea should be precluded from asserting any more detail than what is already described in Adrea's existing validity contentions (served August 2, 2010 and January 31, 2011).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Josh A. Krevitt
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Dated: October 14, 2011
PUBLIC VERSION Dated: October 21, 2011
1032231 / 34137

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 21, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 21, 2011, the attached document was Electronically Mailed to the following person(s):

Elena C. Norman
Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899-2207
enorman@ycst.com
jcastellano@ycst.com

Michael A. Jacobs
Deok Keun Matthew Ahn
Patrick J. Zhang
Richard S.J. Hung
Brooks M. Beard
Francis C. Ho
Theodore M. Hasse
Jason D. Hall
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
mjacobs@mofo.com
dahn@mofo.com
rhung@mofo.com
pzhang@mofo.com
bbeard@mofo.com
fho@mofo.com
thasse@mofo.com
jhall@mofo.com

Brent P. Lorimer
Sterling A. Brennan
L. Rex Sears
Seth W. Black
Workman Nydegger
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111
blorimer@wnlaw.com
sbrennan@wnlaw.com
rsears@wnlaw.com
sblack@wnlaw.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

916443 / 34137

2