IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADREA, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 10-600-ER |
| | ) (Consolidated) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | ) |
| | ) **PUBLIC VERSION** |
| Defendant. | ) |
| | ) |
| AMAZON.COM, INC. | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADREA, LLC, DISCOVERY | ) |
| COMMUNICATIONS, INC., DISCOVERY | ) |
| COMMUNICATIONS, LLC, and THE | ) |
| DISCOVERY CHANNEL STORE, INC., | ) |
| | ) |
| Counterclaim Defendants. | ) |

**AMAZON.COM, INC.'S OPPOSITION TO ADREA, LLC'S
OBJECTION TO SPECIAL MASTER DISCOVERY ORDER NO. 8
DENYING ADREA'S MOTION TO COMPEL DISCOVERY OF FUTURE
MODELS OF ACCUSED PRODUCTS (D.I. 193)**

OF COUNSEL:

Josh A. Krevitt
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Dated: October 25, 2011
Public Version Dated: October 28, 2011
1032616 / 34137

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .................................................. 1

II. STATEMENT OF FACTS ............................................................................................... 2

    A. The Special Master Precluded Adrea's Infringement Contentions Related to Amazon's Future Products ............................................................................. 2

    B. Plaintiffs Did Not Diligently Investigate Amazon's Future Products During Fact Discovery ................................................................................................. 3

III. ARGUMENT ..................................................................................................................... 4

    A. Adrea's Motion to Compel Should Be Denied as Moot Because Adrea is Precluded From Asserting Infringement Against Amazon's "Future Products" .......................................................................................................... 4

    B. The Special Master Correctly Determined that Adrea Was Not Entitled to Discovery Relating to Amazon's As-Yet Unreleased Products .......................... 5

    C. Adrea Failed to Pursue Diligently, During the Discovery Period, the Discovery That Adrea Now Seeks ..................................................................... 8

    D. Adrea's Motion to Compel Should Be Denied Because the Discovery Sought Would Be Unfairly Burdensome to Amazon ........................................ 9

        1. The discovery requested is not relevant ................................................. 9

        2. Amazon would be significantly burdened if it had to comply with Adrea's requested relief ......................................................................... 10

    E. Adrea's Request for an Additional 30(b)(6) Witness on Document Collection Should Also Be Denied .................................................................. 10

IV. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**CASES**     **Page(s)**

*BigBand Networks, Inc. v. Imagine Communications, Inc.*,
C.A. No. 07-351, 2010 WL 2898288 (D. Del. July 20, 2010) .................................................. 7

*Genzyme Corp. v. Lupin Ltd.*,
No. JFM-09-563, 2011 WL 2490603 (D. Md. June 21, 2011) ............................................ 8, 9

*In re Zyprexa Products Liability Litigation*,
No. 04-MD-1596, 2009 U.S. Dist. LEXIS 39756 (E.D.N.Y May 8, 2009) ............................... 9

*Maldonado v. Invensys Building Systems, Inc.*,
No. 01-C-50433, 2004 WL 1080191 (N.D. Ill. May 12, 2004) ................................................ 9

*Sigram Schindler Beteiligungsgesell-Schaft mbH v. Cisco Sys., Inc.*,
726 F. Supp. 2d 396 (D. Del. 2010) ........................................................................................ 6

*Wyeth v. Impax Laboratories*,
248 F.R.D. 169 (D. Del. 2006) ................................................................................................. 9

**RULES**

Fed. R. Civ. P. 26(b)(2)(C)(ii) ............................................................................................... 8, 9

Fed. R. Civ. P. 26(b)(2)(C)(iii) .................................................................................................. 9

Fed. R. Civ. P. 53(f)(2) .............................................................................................................. 3

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Adrea's Objection to Special Master Bechtle's Discovery Order No. 8 Denying Adrea's Motion to Compel Discovery of Future Models of Accused Products (D.I. 193) ("Objection") should be overruled for multiple, independent reasons.

First, Adrea's Objection is moot. Special Master Bechtle has already ruled that Adrea is precluded from asserting infringement against Amazon's "future products" (*i.e.*, the exact products regarding which Adrea seeks discovery in its underlying motion to compel). (D.I. 401, at § 4). Adrea did not object to the Special Master's ruling, and the time for any such objection has expired. Consequently, in this litigation, Adrea *cannot assert infringement* against the products regarding which it is now seeking discovery, and therefore the discovery relating to those products is irrelevant to this case. On that independent basis, Adrea's Objection (D.I. 410) should be overruled.

Second, even if Adrea were *not* precluded from asserting infringement against Amazon's "future products," Adrea still would not be entitled to the discovery it seeks. The fact discovery cut-off in this case was January 31, 2011. During the discovery period, Amazon provided full discovery regarding all of its actual and existing products. Adrea does not dispute this. What Adrea now seeks is discovery regarding things that indisputably were *not* "products" during the discovery period, but rather were unformed, speculative projects. The fact that products ultimately were released eight months *after* the close of fact discovery does not mean that Adrea now can go back and reopen discovery as to those products. The case law cited by Amazon fully supports this conclusion, while Adrea has cited no relevant or controlling authority to rebut it.

Finally, Adrea's accusation that Amazon *purposely concealed* discovery regarding its "future products" is wrong, and Adrea's Objection contains zero actual facts to support such an accusation. In fact, in January of 2010, more than one year before the close of fact discovery, ████████████████████████████████████████████████████████████████████ Yet, for the next year, Adrea sought no discovery regarding those projects, and served not a single discovery

request naming any of those projects. (And as noted above, Adrea did not include in its infringement contentions any allegations relating to unreleased products.) Having not requested the discovery during the discovery period, Adrea has waived its right to seek that same discovery now – months *after* the close of fact discovery, and on the eve of expert reports.

For these reasons, and as discussed further below, the Court should overrule Adrea's Objection and affirm the Special Master's order denying Adrea's motion to compel.

## II. STATEMENT OF FACTS

### A. The Special Master Precluded Adrea's Infringement Contentions Related to Amazon's Future Products

Adrea's predecessor-in-interest in this lawsuit sued Amazon in March of 2009. Compl., *Discovery Commc'ns, Inc. v. Amazon.com, Inc.*, C.A. No. 09-178-ER (D. Del. Mar. 17, 2009), D.I. 1. The Court ultimately set a fact discovery cutoff of January 31, 2011. On January 27, 2011 – just two business days before the fact discovery cutoff – Adrea served supplemental infringement contentions accusing, for the very first time in this case, Amazon's "future products" of infringement. (D.I. 291, at ¶ 7, Ex. 5, at 5.) These "future products" are the same products regarding which Adrea is now seeking discovery in its underlying motion to compel. (*Compare* D.I. 291 Ex. 5, at 5 *with* D.I. 193, at 8.)

Because of the lateness of Adrea's new infringement theory regarding Amazon's "future products," Amazon filed a cross motion to preclude Adrea from asserting that infringement theory in this case. (D.I. 290.) As part of its opposition to Amazon's cross motion, Adrea argued that it was Amazon's failure to provide discovery on the "future products" that caused the lateness of Adrea's new infringement theory. (D.I. 306, at 6.) Special Master Bechtle rejected Adrea's argument and granted Amazon's cross motion, precluding Adrea from asserting infringement against Amazon's "future products" in this litigation. Declaration of Brooke L. Myers ("Myers Decl.") Ex. 1 [Tr. 73:20-24, 75:13-18, 75:21-23]. (*See also* D.I. 401, at § 4.)

The Special Master set a deadline of five days from the receipt of the transcript of the hearing on Amazon's cross motion for Adrea to object to his ruling delivered at the hearing.

Myers Decl. Ex. 1 [Tr. 75:21-23]. The parties received copies of the transcript on August 23, 2011. Myers Decl. ¶ 2. Adrea did not object within the required five days. *Id.* Alternatively, the Federal Rules of Civil Procedure provide twenty-one days for a party to object to a Special Master's ruling. Fed. R. Civ. P. 53(f)(2). Adrea did not object to the portion of the Special Master's order dealing with Amazon's cross motion within that time period either. Myers Decl. ¶ 2. Consequently, by any measure, the time period for Adrea to object to the Special Master's order has expired, and Adrea is precluded from asserting infringement against Amazon's "future products" in this case.

### B. Plaintiffs Did Not Diligently Investigate Amazon's Future Products During Fact Discovery

While Adrea asserts that Amazon "concealed" information relating to its "future products," the facts prove otherwise. On January 29, 2010, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Among *many* others, these documents included:



in January 2010, Adrea did not serve any additional discovery requests directed at those "future products."

Myers Decl. ¶ 8. Adrea points to no meet-and-confer in which they specifically requested the production of any technical information or source code relating to Amazon's "future products." Instead, Adrea waited until the very end of fact discovery to add its now-stricken infringement theory covering "future products" and then filed its motion to compel Amazon to produce discovery relating to these "future products." (D.I. 193.) Similarly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Amazon made Adrea aware that Amazon believed its redactions were justified because the future products were not within the scope of Plaintiffs' discovery requests. (D.I. 194, at Ex. 3.) Whether or not Adrea agreed with Amazon's position, Adrea did not broaden its discovery requests or file a prompt motion to compel. Myers Decl. at ¶ 8. (*See also* D.I. 286 at 2, 6-10.)

### III. ARGUMENT

#### A. Adrea's Motion to Compel Should Be Denied as Moot Because Adrea is Precluded From Asserting Infringement Against Amazon's "Future Products"

Adrea admits that the entire purpose of its motion to compel is to provide Adrea with the materials it "needs" in order "to supplement its infringement contentions, such that these future models . . . can be tried together with the previously-known Kindles." (D.I. 370, at 3.) But, as described above, the Special Master has already ruled that Adrea's January 27, 2011 supplementation of its infringement contentions to assert infringement against Amazon's "future products" was too late, and that, as a result, Adrea is precluded from asserting infringement against Amazon's "future products" in this case. (D.I. 401, at § 4.) *See also* Myers Decl. Ex. 1 [Tr. 73:20-24, 75:13-18 ("I just think that [these contentions] come too late to start to have a whole range of what could possibly be more and more discovery related to these theories.")].

The Special Master's decision was based on the *lateness* of Adrea's assertion of its contention that Amazon's "future products" infringe, Myers Decl. Ex. 1 [Tr. 73:20-24, 75:13-

18], not on the insufficiency of factual support for such a contention. Therefore, any additional factual support that Adrea may obtain through discovery does not disturb the Special Master's holding. In fact, in an attempt to excuse the lateness of its infringement contention against Amazon's "future products," Adrea already argued, in both its infringement contentions themselves (D.I. 291, at Ex. 5, at 5 ("Adrea ha[d] not bee[n] provided with full discovery on future Amazon products that are under development.")), and in its opposition to Amazon's cross motion to preclude Adrea's late contentions, that its tardiness was due to Amazon's alleged failure to provide sufficient discovery regarding these developing products. (D.I. 306, at 6 ("As to unreleased future products, Amazon's steadfast refusal to produce documents or testimony . . . frustrated Adrea's discovery efforts and necessitated Adrea's pending motion to compel this information (D.I. 191 [sic]).") The Special Master rejected this excuse and ruled that Adrea may not assert infringement against Amazon's "future products." (D.I. 401, at § 4.) *See also* Myers Decl. Ex. 1 [Tr. 73:20-24, 75:13-18].

While Adrea had an opportunity to challenge the Special Master's ruling that Adrea is precluded from asserting infringement against the "future products," the time limit for such a challenge has expired, and Adrea has filed no objection to the Special Master's order. Consequently, Adrea has waived its right to object to the Special Master's preclusion of Adrea's infringement contentions regarding Amazon's "future products," and any discovery relating to those "future products" therefore is irrelevant to the case. As such, Adrea's objections should be overruled and the Special Master's denial of Adrea's motion to compel discovery regarding "future products" should be affirmed.

### B. The Special Master Correctly Determined that Adrea Was Not Entitled to Discovery Relating to Amazon's As-Yet Unreleased Products

Even if Adrea were *not* precluded from accusing Amazon's "future products" of infringing the asserted patents, Adrea still is not entitled to the discovery it seeks from Amazon. The Court set the fact discovery cutoff in this case for January 31, 2011. There is no dispute that

Amazon provided discovery regarding all of its actual products that existed during the fact discovery period.

As the cases cited by Amazon clearly demonstrate, the Delaware court – including Judge Robinson – has made clear that Adrea was not entitled to discovery regarding projects that, during the discovery period, were not actual products and were still speculative and subject to change and/or cancellation. (*See, e.g.*, D.I. 369, at 2 (citing Order, *Seagate Tech. v. Cornice, Inc.*, C.A. No. 04-418 (D. Del. Aug. 9, 2005), D.I. 123 and *Sigram Schindler Beteiligungsgesell-Schaft mbH v. Cisco Sys., Inc.*, No. 09-72, 726 F. Supp. 2d 396, 410 n.22 (D. Del. 2010), D.I. 370).)

Adrea's attempts to distinguish the Delaware cases Amazon cites are unavailing. First, with respect to *Cisco*, 726 F. Supp. 2d at 410 n.22, D.I. 370, Adrea argues that the case is distinguishable because in *Cisco* the plaintiff "did not disclose its infringement allegation[s] until it served expert reports" (D.I. 410, at 11), whereas Adrea "included future models in its infringement contentions served before the close of fact discovery." (D.I. 410, at 12.) But, as discussed in detail above, Adrea's infringement contentions were determined by the Special Master to be *too late* for inclusion in this case. Myers Decl. Ex. 1 [Tr. 73:20-24, 75:13-18]. Adrea's reliance on its late – and stricken – infringement contentions therefore is ineffective.

Second, Adrea argues that the *Cisco* case is "distinguishable because [while] the plaintiff there failed to investigate the new product during fact discovery" (D.I. 410, at 11), "Adrea specifically requested discovery on Amazon's future Kindle models during the fact discovery period . . . ." (D.I. 410, at 12.) As discussed in both Section II.B above and Section III.C below, however, Adrea in fact did not diligently pursue discovery regarding the specific "future products" that are the subject of its motion to compel. Tellingly, Adrea's Objection cites no discovery request or demand for supplementation where this information was specifically sought. Consequently, the "future products" were not "vetted through the discovery on both sides," which is yet another reason cited by Judge Robinson in the *Cisco* case for precluding discovery regarding a product commercialized months after the close of fact discovery. (D.I. 410, at 12.)

Third, with respect to *Seagate*, No. 04-418, D.I. 123, Adrea does not even provide a substantive reason why it should not be instructive here. (*See* D.I. 410, at 12.)

In contrast, the lone *unpublished* case upon which Adrea places all of its reliance – *BigBand Networks, Inc. v. Imagine Communications, Inc.*, C.A. No. 07-351, 2010 WL 2898288 (D. Del. July 20, 2010) – is actually unhelpful to Adrea and clearly distinguishable from the facts at issue here. First, and as is conceded by Adrea, the court in *BigBand* justified its decision permitting discovery regarding future products based on a determination that that information would be "reasonably likely to lead to evidence relevant to BigBand's *infringement* claims." (D.I. 410, at 12 (quoting *BigBand*, 2010 WL 2898288, at 4-5) (emphasis supplied).) In this case, however, the discovery sought is *not* reasonably likely to lead to evidence relevant to Adrea's infringement claims because, as explained in detail, the Special Master *has already precluded Adrea from accusing those products of infringement* – and Adrea has not objected to the Special Master's determination. In other words, even if Adrea were to get the discovery it seeks, it could not use it in this case to try to prove that the "future products" infringe the patents-in-suit.

Second, the decision in *BigBand* is distinguishable because BigBand – unlike Adrea – sought a permanent injunction, *i.e.*, a form of prospective relief. (*See* D.I. 369, at 1.) Here, as Adrea is not seeking a permanent injunction, the discovery to which it was entitled during the discovery period was limited to actual products that existed during that discovery period (*i.e.*, products regarding which it could actually collect damages). The fact that Amazon may have sold new products *eight months* after the close of fact discovery does not *ex post facto* alter what Adrea was entitled to obtain during the discovery period. Adrea, or its predecessor-in-interest in this litigation, chose when to bring this lawsuit against Amazon. The Court, in turn, set a deadline for fact discovery, and Adrea should not be permitted to extend the period of discovery based on the release of products months after the close of fact discovery. If Adrea wanted so badly to capture products released in September of 2011, it should have waited longer before filing suit, rather than doing so back in March of 2009. Adrea cannot extend the discovery period indefinitely during the pendency of this lawsuit simply because the parties have not yet

- 7 -

concluded trial. The bottom line is that Amazon produced all discovery relating to all *accused* products that existed during the discovery period, and Adrea has received all of the discovery to which it is entitled.

### C.   Adrea Failed to Pursue Diligently, During the Discovery Period, the Discovery That Adrea Now Seeks

The Federal Rules require that the scope of permissible discovery be limited if the court determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" but has failed to timely request it. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii); *Genzyme Corp. v. Lupin Ltd.*, No. JFM-09-563, 2011 WL 2490603, at *2 (D. Md. June 21, 2011) ("When evaluating such last-minute requests for additional discovery, a district court properly 'declines to extend discovery . . . when [a party] had many months to make both her initial and follow-up discovery requests.'" (citation omitted)). (*See also* D.I. 286, at 10-11.)

Fact discovery in this case lasted more than a year and was extended at least once. Beginning as early as January 2010 – more than a year before the close of fact discovery – [REDACTED] In addition, [REDACTED] Amazon informed Adrea that Amazon's basis for doing so was that the information was not responsive to Adrea's discovery requests. (D.I. 194, at Ex. 3.)

Nevertheless, until the end of fact discovery, Adrea did not demand that Amazon produce the information that Adrea seeks by virtue of its motion to compel. Indeed, nowhere in its motion to compel or its Objection does Adrea point to a single discovery request to which this information was clearly responsive. Not surprisingly, Adrea also does not point to any specific demand for supplementation with respect to its existing discovery requests. Instead, Adrea waited until the last day of fact discovery to file its motion to compel documents relating to Amazon's "future products."

Nevertheless, Adrea's belated motion to compel cannot be a substitute for diligent discovery practices. Having squandered its opportunity to seek properly the information regarding Amazon's "future products" during fact discovery, Adrea is not entitled to such discovery now. *See Genzyme*, 2011 WL 2490603, at *2 (denying motion to compel because movant waited until the last week of thirteen-month-long discovery to demand lab notebooks, despite movant's argument that Genzyme's delay in producing other documents prevented them from recognizing the lab notebooks' relevance until "mere days before the discovery deadline"); *In re Zyprexa Prods. Liab. Litigation*, No. 04-MD-1596, 2009 U.S. Dist. LEXIS 39756, at *32 (E.D.N.Y. May 8, 2009) (citing Fed. R. Civ. P. 26(b)(2)(C)(ii)) (denying the State's motion to compel because the State "should have sought supplementation from Lilly (in the form of targeted demands) or relief from this Court at an earlier date" if the State was dissatisfied with the response to its First Set of Requests for Production); *Maldonado v. Invensys Bldg. Sys., Inc.*, No. 01-C-50433, 2004 WL 1080191, at *2 (N.D. Ill. May 12, 2004) (denying plaintiff's request for certain documents where defendant had previously responded to a similar request, and plaintiff had "never raised any issue regarding [defendant's] production" despite ample opportunity to do so). *See also Genzyme Corp.*, 2011 WL 2490603, at *3 ("In this light, their complaints about Genzyme's last-minute production of the memorandum appear to be little more than an attempt to distract the Court from their own delay in requesting the . . . [lab] notebooks. This type of pre-textual justification for permitting further discovery is unpersuasive . . . .").

### D. Adrea's Motion to Compel Should Be Denied Because the Discovery Sought Would Be Unfairly Burdensome to Amazon

Adrea has not met its burden to establish that the benefits of the irrelevant discovery it seeks outweigh the burden to Amazon and the Court. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). (*See also* D.I. 286, at 11 (citing *Wyeth v. Impax Labs.*, 248 F.R.D. 169, 170-71 (D. Del. 2006).)

#### 1. The discovery requested is not relevant

First, as discussed in detail above, the Special Master has already ruled that Adrea is precluded from asserting infringement based on Amazon's "future products" that are the subject

of Adrea's motion to compel. The discovery that Adrea seeks regarding these "future products" therefore is irrelevant in this case.

Second, as also discussed above, the discovery Adrea seeks is not relevant to damages. Even if Adrea were entitled to discovery regarding Amazon's "future products," such discovery would be limited to documents in existence during the fact discovery period. Adrea knows this, which is why it has focused on getting the Court to force Amazon to un-redact the already-produced documents rather than produce additional documents. Thus, all of the information to which Adrea could conceivably be entitled dates back at least eight months before any "future products" were actually released, and therefore any "damages" Adrea could possibly seek from activities during that time would be negligible. And in any event, again, any "future products" released in September 2011 are products against which Adrea has been precluded from asserting infringement.

### 2. Amazon would be significantly burdened if it had to comply with Adrea's requested relief

Adrea's argument that Amazon's compliance merely requires the "push [of] a button" (D.I. 410, at 13) is wrong. ██████████████████████████████████████ The burden to Amazon therefore would be significant, especially when measured against the lack of relevance and probative value of the information sought by Adrea.

### E. Adrea's Request for an Additional 30(b)(6) Witness on Document Collection Should Also Be Denied

Finally, Adrea also seeks an additional 30(b)(6) witness to testify about Amazon's use of keyword searches. The Court is respectfully directed to Amazon's Opposition to Adrea's motion

to compel for a complete discussion of this issue, which is incorporated herein by reference. In summary, first, ███████  (as discussed *supra*). (D.I. 286, at 1-2, 6-8.) Second, ███████ *Id.* For these reasons, as more fully discussed in Amazon's Opposition (D.I. 286), this specific relief should also be denied.

## IV.  CONCLUSION

For the reasons stated above, Adrea's Objection to the Special Master's denial of Adrea's motion to compel regarding Amazon's "future products" should be overruled, and Adrea's motion to compel should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt
Y. Ernest Hsin
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Mark Reiter
2100 McKinney Avenue
Dallas, TX 75201-6912
Tel: (214) 698-3100

Jason Lo
Jennifer Rho
333 S. Grand Avenue – Ste. 4700
Los Angeles, CA 90071
Tel: (213) 229-7000

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Amazon.com, Inc.*

- 12 -

Stuart M. Rosenberg
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5300

Dated: October 25, 2011
1032616 / 34137

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 28, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 28, 2011, the attached document was Electronically Mailed to the following person(s):

Elena C. Norman
Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899-2207
enorman@ycst.com
jcastellano@ycst.com

Michael A. Jacobs
Deok Keun Matthew Ahn
Patrick J. Zhang
Richard S.J. Hung
Brooks M. Beard
Francis C. Ho
Theodore M. Hasse
Jason D. Hall
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
mjacobs@mofo.com
dahn@mofo.com
rhung@mofo.com
pzhang@mofo.com
bbeard@mofo.com
fho@mofo.com
thasse@mofo.com
jhall@mofo.com

Brent P. Lorimer
Sterling A. Brennan
L. Rex Sears
Seth W. Black
Workman Nydegger
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111
blorimer@wnlaw.com
sbrennan@wnlaw.com
rsears@wnlaw.com
sblack@wnlaw.com

2

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

916443 / 34137